```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN


ROBERT ADDIE, FORGE PEREZ and      )
JASON TAYLOR,                      )
                                   )
              Plaintiffs,          )
                                   )
                                   )    Civil No. 2004-135
     V.                            )
                                   )
                                   )
CHRISTIAN KJAER, HELLE BUNDGAARD,  )
STEEN BUNDGAARD, JOHN KNUD FURST,  )
KIM FURST, NINA FURST, PREMIER     )
TITLE COMPANY, INC., formerly      )
known as FIRST AMERICAN TITLE      )
COMPANY, INC., and KEVIN D'AMOUR,  )
                                   )
              Defendants.          )
                                   )
_____)
```

**MEMORANDUM AND ORDER**

This matter came before the Honorable United States Magistrate Judge, Geoffrey W. Barnard, on Friday, December 21, 2007, for oral argument on the Plaintiffs' oral request for Motion for Protective Order asserted during the deposition of Plaintiff, Jorge Perez ("Perez"), on November 5, 2007, on the issue of attorney-client privilege regarding an August 3, 2004 e-mail from Perez to Defendant, Kevin D'Amour ("D'Amour"); D'Amour's, Memorandum in Opposition to the Motion for Protective Order; Defendant, Premier Title Company, Inc.'s, Opposition and Response to Plaintiffs' Motion for Protective, Plaintiffs' Memorandum in Support of Motion for Protective Order and Plaintiffs' Reply to Defendants, Premier's and D'Amour's

Addie, v Kjaer, et al
Civil No. 2004-135
Order
Page 2 of 9

Responses to the Motion for Protective Order.

**I.   RELEVANT FACTS**

    This matter arises from a failed attempt of Robert Addie, Jorge Perez and Jason Taylor (collectively the "Plaintiffs")to purchase Great St. James island and Parcel No. 11 Estate Nazareth from defendants Christian Kjaer, Helle Bundgaard, Steen Bundgaard, John Kund Furst, Kim Furst and Nina Furst (collectively the "Sellers").  The parties agree that, on June 4, 2004, in Miami, Florida, the Plaintiffs, Perez, Robert Addie ("Addie") and Plaintiffs' counsel, Michael Hayden ("Hayden"), who was present telephonically, met with D'Amour, who represented the Sellers, and negotiated two contracts of sale.  The first contract provided that the Plaintiffs would purchase Parcel No. 11 Estate Nazareth for $2,500,000 and the second contract provided that the Plaintiffs would purchase Great St. James islands for $21,000,000.

    Plaintiffs further allege that at that same meeting, Perez, Addie and Hayden negotiated an escrow agreement with D'Amour, whereby Premier Title Company ("Premier"), formerly First American Title Company, Inc., agreed to act as the escrow agent for the Plaintiffs and Sellers, to hold the deposit money and closing documents, subject to certain conditions.  Plaintiffs further allege that neither the Plaintiffs nor Hayden knew that

Addie, v Kjaer, et al
Civil No. 2004-135
Order
Page 3 of 9

D'Amour was the owner of Premier. (Plaintiffs' memorandum in Support of Protective Order, page 2.)  Plaintiffs further contend that on or about June 4, 2004, Plaintiffs delivered to Premier a $1,000,000 deposit[1] and on or about August 4, 2004, Plaintiffs delivered $500,000 to Premier to be held consistent with the terms of the escrow agreement.  (Plaintiffs Memorandum in Support of Motion for Protective Order, page 2.)

      On August 2, 2004, D'Amour e-mailed Perez the following[2]:

Jorge:

      Please confirm today that the First Deposit maybe released to the Seller today.  Also confirm that the Second Deposit has been wired transferred.  Yesterday you confirmed that you had the wire transfer instructions.  I trust you will forward a copy of this to Hank Smock, if necessary.

Regards,

Kevin F. D'Amour
P.O. Box 10829
St. Thomas, VI 00801
(340)774-8188
(609)737-1181
(609)902-4370 cell
kevin.damour@comcast.net

On August 3, 2004, Perez responded to D'Amour's email as follows:

---

[1] D'Amour contends that the $1,000,000 was a non-refundable deposit. (D'Amour's Memorandum in Opposition to the Protective Order, page 2.)

[2] The e-mail was also "cc" to 'ADDIEWELL1@aol.com'.

Addie, v Kjaer, et al
Civil No. 2004-135
Order
Page 4 of 9

Kevin,

I have spoken with Hank Smock, and he has advised me that we can go ahead and release the first deposit of $1,000,000.00 today. As I mentioned to you on the telephone, I will be wiring the second deposit of $500,000.00 between today and Friday August 5th. Thanks again for all your help.

Regards,

Jorge Perez.

## II.  DISCUSSION

The issue before this court is whether the information disclosed in Perez's August 3, 2004, e-mail to D'Amour regarding the advice of Attorney Hank Smock is a privileged communication and, if it is, the extent to which it is privileged, and did the disclosure of this privileged information constitute a waiver of the privilege and if the privilege was waived, to what extent was it waived.

The traditional elements of an attorney-client privilege that protect communications from disclosure are:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his or her subordinate, and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion of law or (ii) legal service or (iii) assistance in some legal proceeding, and (d) not for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client. *Olive v.*

Addie, v Kjaer, et al
Civil No. 2004-135
Order
Page 5 of 9

*Isherwood, Hunter & Diehm*, 23 V.I. 168, 172 (D.V.I. 1987).

The attorney-client privilege may be waived under various circumstances.  For example, the attorney-client privilege may be waived when the privilege holder asserts a claim or defense that put his attorney's advise in issue in the litigation.  *Rhone-Poulenc Rorer, Inc. v. Armour Pharmaceutical Company*, 32 F.3d 851, 863 (3rd Cir. 1994).  The advice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove the claim or defense by disclosing or describing an attorney client communication. *Rhone* at 863 (citing *North River Insurance Company v. Philadelphia Reinsurance Corporation*, 797 F. Supp. 363, 370 (D.N.J. 1992)).  Finding a waiver of the attorney-client privilege when the client puts the attorney's advice in issue is consistent with the essential elements of the privilege.  *Rhone at 863*.

Plaintiffs contend that they have not asserted as a claim in their complaint or as a defense to Premier's counterclaim, that Perez relied on the advise of Attorney Smock in releasing the deposit.  As it relates to the August 2 and 3, 2004, e-mails, Plaintiffs have alleged the following:

> 19.  On August 2, 2004, D'Amour, knowing Plaintiffs to be presented by counsel, sent an e-mail directly to plaintiff Jorge Perez urging that the $1,000,000 deposit be immediately released to Sellers.

```
Addie, v Kjaer, et al
Civil No. 2004-135
Order
Page 6 of 9
```

21. On August 3, 2004, Jorge Perez replied directly to D'Amour by e-mail that the $1,000,000 deposit could be released. Robert Addie and Jason Taylor never authorized the deposit to be released or Jorge Perez to act on their behalf.

64. On August 2, 2004, D'Amour directly contacted one the Plaintiffs, Jorge Perez, by e-mail and urged him to release to Sellers the $1,000,000 held in escrow by First American. At the time, D'Amour knew Plaintiffs were represented by counsel, that Sellers could not deliver Clear and Marketable title pursuant to the Contracts of Sale, and that Sellers had not delivered the Escrow Documents required by ¶ 2.1(i) of the Escrow Agreement.

66. Based upon D'Amour's improper and unethical e-mail, on August 3, 2004, Plaintiff Jorge Perez responded via e-mail stating he had no objection to releasing the $1,000,000.

Based on the allegations of the complaint, Plaintiffs did not allege that the Plaintiffs, specifically Perez, relied on the advise of Attorney Hank Smock in authorizing the release of the deposit. Thus, although the August 3, 2004, e-mail is "in issue" because it contains information that is material to the litigation, Plaintiffs have not asserted in any way that Attorney Smock's advise forms the basis for a claim or defense in Plaintiffs case. Thus, the court finds that the Plaintiffs have not waived their attorney-client privilege on the basis that they have relied on Attorney Smock's advise to advance a claim or as a defense in this action.

The attorney-client privilege is also waived when a client voluntarily discloses privileged communications to a third party. *Westinghouse Electric Corporation v. Republic of the*

Addie, v Kjaer, et al
Civil No. 2004-135
Order
Page 7 of 9

*Philippines*, 951 F.2d 1414, 1424 (3d Cir. 1991)(citing *United States v. Rockwell International*, 897 F.2d 1255, 1265 (3d Cir. 1990)). Restatement of Law, Third, The Law Governing Lawyers, § 79 (2000). The voluntary disclosure by a client of a privileged communication waives the privilege as to other such communications relating to the same subject matter made both prior to and after the occurrence of the waiver. *Murray v. Gemplus International, S. A.*, 217 F.R.D. 362, 367 (E.D. Pa. 2003)( disclosure of privilege documents to portray a positive image in negotiations waives the privilege with regard to all privileged documents generated for the negotiations); *Emejota Engineering Corporation v. Kent Polymers, Inc.* (1985 U.S. Dist. Lexis 13415)*8,*9 (attorney-client privilege waive as to all communications relating to the Confidential Information Agreement which was the subject matter of counsel's disclosed opinion letter); *Sicpa North America, Inc. v. Donaldson Enterprises, Inc.*, 179 N.J. Super. 56,64, 430 A.2d 262, 266 (Law Div. 1981)(waiver of privilege found for privileged report prepared for  settlement negotiations was exchanged with adversary).

Here, the court concludes that the information disclosed in the August 3, 2004 e-mail regarding Perez's disclosure of what Attorney Smock advised him regarding the release of the $1,000,000 deposit is privileged attorney-client

Addie, v Kjaer, et al
Civil No. 2004-135
Order
Page 8 of 9

communication. However, the court find that Perez voluntarily disclosed the privileged communication to D'Amour and thus waived the privilege. The court further finds, consistent with the law in this jurisdiction and within the Third Circuit, that the privilege was waived as to all communications regarding Attorney Smock's advise to Perez relating to the "release of the first deposit", that is, the release of the $1,000,000 deposit. Further inquiry may lead to admissible evidence.

Plaintiffs also contend that D'Amour had unauthorized communications with Plaintiffs as represented parties in violation of ABA Model Rules of Professional Conduct 4.2 and that those unauthorized communications ultimately resulted in the disclosures in the August 3, 2004, e-mail. This may well be the subject of future motion practice, but at this stage the record is insufficiently developed for the court to make a ruling regarding whether D'Amour's communications with the Plaintiffs were done without the knowledge or consent of Plaintiffs' counsel or in violation of the ABA Model Rules of Professional Conduct.

Accordingly, it is hereby

**ORDERED** that Plaintiffs Oral Motion for Protective Order is **DENIED** and Plaintiff, Jorge Perez, shall testify to all communications with Attorney Smock regarding the release of the

```
Addie, v Kjaer, et al
Civil No. 2004-135
Order
Page 9 of 9
```

$1,000,000 deposit.

**DATED:** January 10th, 2008          /S/GEOFFREY W. BARNARD
                                    **GEOFFREY W. BARNARD**
                                    **United States Magistrate Judge**

**ATTEST:**
WILFREDO F. MORALES
Clerk of the Court


By:_____
        Deputy Clerk



**Copies to:**

Gregory H. Hodges, Esq.
John K. Dema, Esq.
Maria T. Hodge, Esq.
Carol G. Hurst, Esq.
Claudette Donovan
Sharline L. Rogers, Esq.