IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

ROBERT ADDIE, FORGE PEREZ and      )
JASON TAYLOR,                      )
                                   )
          Plaintiffs,              )
                                   )
                                   )   Civil No. 2004-135
     V.                            )
                                   )
                                   )
CHRISTIAN KJAER, HELLE BUNDGAARD,  )
STEEN BUNDGAARD, JOHN KNUD FURST,  )
KIM FURST, NINA FURST, PREMIER     )
TITLE COMPANY, INC., formerly      )
known as FIRST AMERICAN TITLE      )
COMPANY, INC., and KEVIN D'AMOUR,  )
                                   )
          Defendants.              )
                                   )

## ORDER

This matter is before the court on Plaintiffs' Motion to Compel Compliance with the Court Order and for Sanctions; Defendant, Premier Title Company, Inc.'s ("Premier") opposition thereto; Defendant, Kevin D'Amour's ("D'Amour") opposition thereto and Plaintiffs' reply.

### RELEVANT BACKGROUND

Plaintiffs motion originates from Plaintiffs Notices of Depositions dated March 7, 2008 ("Notices of Depositions"), served on Defendants D'Amour and Premier for depositions that were partially completed on March 27, 2008. In Plaintiffs' Notices of Depositions, Plaintiffs requested that the D'Amour and Premier (collectively "Defendants") bring and produce various

Addie, v Kjaer, et al
Civil No. 2004-135
Order
Page 2

documents to the depositions.[1]  Neither Defendant brought any

documents to its respective deposition.

On April 3, 2008, Plaintiffs filed a Motion to Order

Resumption of Depositions After Production of Wrongfully Withheld

Documents.  In their motion, Plaintiffs recited alleged instances

where D'Amour testified that "there may be documents responsive,"

"that there may be significant files yet to be reviewed that 'may

have' responsive documents" and "that there were emails and other

correspondence not yet produced that are responsive to plaintiffs

requests for production of documents."[2]  Plaintiffs content that

the documents should have been produced with the Fed. R. Civ. P.

26 (a) self executing disclosures and,  as a remedy, the

Plaintiffs request the court to order production of the withheld

documents, a continuation of D'Amour's deposition, both

individually and as the Rule 30(b)(6) representative of Premier,

and cost and expenses to be incurred with the continued

depositions.

On April 21, 2008, Premier filed its response to

Plaintiffs' request for documents contained in Plaintiffs' Notice

of Rule 30(b)(6) Deposition to Premier.  In its response, Premier

---

[1]  Kevin D'Amour testified as the Fed. R. Civ. P 30(b)(6)
witness for Premier.

[2]  Plaintiffs' Motion for Resumption of Depositions after
Production of Wrongfully Withheld Documents, pages 2 and 3.

Addie, v Kjaer, et al
Civil No. 2004-135
Order
Page 3

objected to  production of documents requested in the Rule

30(b)(6) deposition notice on the basis that the request violated

Local Rule 34.1, which limits request for production of documents

to twenty-five, including subparts, in the absence of a

stipulation by the parties or by prior order of the court.  In

support of its contention, Premier stated that on  June 26, 2006,

Plaintiffs propounded its First Request for Production of

Documents that, with subparts, exceeded the twenty-five

limitation of LRCi 34.1.

On April 22, 2008, Plaintiffs filed a Motion to Deem

Conceded its Motion to Order Resumption of Depositions After

Production of Wrongfully Withheld Documents. On April 23, 2008,

Premier responded to Plaintiffs Motion for Resumption of

Depositions stating that pursuant to Fed. R. Civ. P. 30(b)(6),it

had thirty days to comply with the request for productions of

documents and that as of the March 27, 2008, the thirty days had

not yet run and that the request exceeded the LRCi 34.1 twenty-

five request limit.  On April 30, 2008, D'Amour filed an

opposition to the Motion to Order Resumption of Depositions by

joining in Premier's opposition.

On May 8 and 9, 2008, Plaintiffs filed their reply to

Defendants' Oppositions to Plaintiffs' Motion for Order for the

Resumption of Depositions and Motion to Deem Conceded.  On May

Addie, v Kjaer, et al
Civil No. 2004-135
Order
Page 4

12, 2008, the court entered an order, which in relevant part
stated "[d]ocuments referenced in the D'Amour depositions which
were not previously produced in discovery [be] produced by May
23, 2008."

On June 27, 2008, Plaintiffs filed their Motion to Compel
Compliance with the court's May 12, 2008, order and on July 7,
2008, Premier filed its opposition asserting: (1) the Plaintiffs
production request that accompanied that Notices of Depositions
violated the "numerosity requirements" of Fed. R. Civ. P. 34 and
(2) that Plaintiffs misinterpreted the court's May 12, 2008,
order and that the only documents that it is entitled to produce
are the documents referenced by D'Amour which were responsive to
Plaintiffs Rule 34 Requests for Production of Documents.  Premier
further contends that it has produced all documents referenced in
the Rule 30(b)(6) deposition notice which were responsive to
Plaintiffs' Rule 34 Request for Production of Documents and which
had not been previously produced as of the court's May 12, 2008,
order.

In his opposition, D'Amour asserts: (1) that there is no
legal authority to compel the production of documents requested
orally or mentioned during a deposition and (2) Plaintiffs'
request violated the LRCi 34.1 limit requirements.  Additionally,
D'Amour asserts: (1) that on October 10, 2006, he responded to

Addie, v Kjaer, et al
Civil No. 2004-135
Order
Page 5

Plaintiffs' request for production which contained twenty-three separate requests and "after formal motion practice, every document requested in that Rule 34 Request that was properly discoverable was produced" and (2)that after the court's May 12, 2008 order, he produced  fourth and fifth supplemental documents, all additional copies of powers of attorney he had located and, that on June 5, 2008, he represented to the court that on May 23, 2008, he had produced all documents he had located that were responsive to the document production requests properly served on him.

## DISCUSSION

Defendants main objection to the request for production documents that accompanied the Notices of Depositions is that the requests exceeded the limitation requirement of LRCi 34.1 in light of the Plaintiffs' prior requests for production of documents propounded on the Defendants.[3]  Under a different factual scenario, the court may have agreed with the Defendants position.  However, the court notes that all the documents referenced in the June 23, 2008, correspondence with the exception of items number 8, 10, 11, 12 and 14 are documents that should have been produced in the Fed. R. Civ. P. Rule 26 (a)

---

[3]  LRCi 34.1 limits the number of documents request to twenty-five including all subparts.

Addie, v Kjaer, et al
Civil No. 2004-135
Order
Page 6

initial disclosure.[4] Rule 26 (a)in pertinent part reads:

**(a) Required Disclosures.**

(1) Initial Disclosures.

(A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii) a computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . . .

Because it is the court's determination that the vast majority of the documents enumerated in the June 23 correspondence should have been produced as a part of the Rule 26 initial disclosure, the court will not count those documents so identified against

---

[4] The court referenced Plaintiffs counsel, Gregory H. Hodges' June 23, 2008, letter that accompanies the Motion to Compel as Exhibit "2".

Addie, v Kjaer, et al
Civil No. 2004-135
Order
Page 7

Plaintiffs' LRCi Rule 34.1 twenty-five limitation.

The court further finds that the remaining items 8, 9, 10, 11, 12, and 14 are properly discoverable documents. Rule 26 (b)(1) in pertinent part provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents and the identity and location of persons who know of any discoverable matter. **For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.** . .

To the extent these remaining requests exceed the LRCi 34.1 limit, the court finds that good cause exists here to allow the Plaintiffs to propound the additional document request. In that regard, the court finds that the documents are relevant to the issues presented in the case, that the production of the documents does not cause an undue burden on the Defendants and that no claim of privilege as been asserted by the Defendants. In the Advisory Committee Notes to 1983 Amendments to Rule 26(b)(1), the Committee notes that:

> [i]n appropriate cases the court could restrict the number of depositions, interrogatories, or the scope of production request. But the court must be careful not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare a case. [5]

---

[5] Although LRCi 34.1 was adopted after the 1983 amendments, the rationale for the court's discretion is still applicable.

Addie, v Kjaer, et al
Civil No. 2004-135
Order
Page 8

Additionally, without identifying specific documents, D'Amour states that there is no legal authority that would compel him to produce documents that were mentioned or orally requested in the March 27 depositions.  To the extent the documents mentioned or orally requested in the March 27, 2008, depositions are documents referenced in Attorney Hodges' June 23, 2008, correspondence, but were not requested in the March 7, 2008, Notices of Depositions, or other requests for production of documents, the court, under these particular circumstances and in the interest of judicial economy, will not required the Plaintiffs to make a Rule 34 discovery request of the Defendants for these documents.  The court finds the documents are relevant to the issues presented in the case and that their production does not prejudice the Defendants.

For the forgoing reasons, the Plaintiffs' Motion to Compel Compliance with Court Order is **GRANTED;** and it is further

**ORDERED** that Plaintiffs' Motion for Sanctions is **DENIED.**

**DATED:** August 21, 2008          \s_____
                                  **GEOFFREY W. BARNARD**
                                **United States Magistrate Judge**

**ATTEST:**
WILFREDO F. MORALES
Clerk of the Court