**FOR PUBLICATION**

```
         IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS & ST. JOHN
```

```
ROBERT ADDIE, JORGE PEREZ and  )
JASON TAYLOR,                  )
                               )
          Plaintiffs,          )
                               )      Civil No. 2004-135
     v.                        )
                               )
CHRISTIAN KJAER, HELLE         )
BUNDGAARD, STEEN BUNDGAARD,    )
JOHN KNUD FÜRST, KIM FÜRST,    )
NINA FÜRST, PREMIER TITLE      )
COMPANY, INC., formerly known  )
as FIRST AMERICAN TITLE        )
COMPANY, INC., and KEVIN F.    )
D'AMOUR,                       )
                               )
          Defendants.          )
_____)
```

**ATTORNEYS:**

**Gregory H. Hodges, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiffs.*

**Carol G. Hurst, Esq.**
St. Thomas, U.S.V.I.
    *For defendants Christian Kjaer, Helle Bundgaard, Steen*
    *Bundgaard, John Knud Fürst, Kim Fürst, and Nina Fürst.*

**John K. Dema, Esq.**
St. Croix, U.S.V.I.
    *For defendant Premier Title Company Inc., formerly*
    *known as First American Title Company Inc.*

**Maria T. Hodge, Esq.**
St. Thomas, U.S.V.I.
    *For defendant Kevin F. D'Amour.*

<u>**MEMORANDUM OPINION**</u>

**GÓMEZ, C.J.**

    Defendants Kevin D'Amour ("D'Amour") and Premier Title Company, Inc., formerly known as First American Title Company,

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 2

Inc. ("Premier"), have filed objections to the Magistrate Judge's August 21, 2008, Order granting the motion of the plaintiffs in this matter to compel compliance with a May 12, 2008, Order of the Magistrate Judge requiring the production of certain documents.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The parties are familiar with the facts of this matter, and thus the Court recites only those facts that are necessary for the resolution of these objections.

The plaintiffs, Robert Addie, Jorge Perez and Jason Taylor (together, the "Buyers"), agreed to purchase two parcels of land from defendants Christian Kjaer, Helle Bundegaard, Steen Bundegaard, John Knud Furst, Kim Furst and Nina Furst (together, the "Sellers"). The Buyers also agreed to pay $1.5 million into an escrow account managed by Premier. At all times relevant, D'Amour was Premier's president and sole shareholder. D'Amour also acted as counsel to the Sellers.

The land was not conveyed as the parties contemplated. Thereafter, the Buyers demanded the return of the escrow funds. Premier, instead, released the escrow funds to the Sellers. This action ensued.

The Buyers allege the following: breach of contract; negligent misrepresentation by the Sellers; fraud by certain defendants; fraud by D'Amour; conversion; breach of fiduciary

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 3

duty by Premier; and unjust enrichment. The Buyers also seek a declaration that: they are entitled to terminate the land contracts; the Sellers cannot deliver marketable title to the land; and the Sellers have defaulted under the terms of the land contracts.

On March 7, 2008, the Buyers noticed the depositions of D'Amour and Premier for March 26, 2008.[1] The notices also requested the production of several documents at the depositions.

On April 3, 2008, the Buyers moved to compel the production of the requested documents, which Premier and D'Amour failed to produce at the depositions. The Buyers also moved to extend the time for D'Amour's deposition.

On April 7, 2008, Premier moved for an extension of time until April 21, 2008 to respond to the Buyers' production requests. The record does not reflect that the Court ruled on that motion.

On April 21, 2008, Premier filed its response to the Buyers' production requests, asserting that those requests contravened Local Rule of Civil Procedure 34.1, which limits such requests to twenty-five per party, including all discrete sub-parts. *See* LRCi 34.1 (2003). According to Premier, the Buyers' requests exceeded that limitation.

---

[1] Pursuant to Federal Rule of Civil Procedure 30(b)(6), Premier designated D'Amour to appear on its behalf.

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 4

On April 23, 2008, Premier filed an opposition[2] to the Buyers' motion to compel, contending that the March 7, 2008, deposition notices triggered a thirty-day period within which to file objections to the production requests, per Federal Rule of Civil Procedure 34(b)(2). Premier argued that it had until April 7, 2008 to file its objections. Premier argues that it missed that deadline because its Rule 30(b)(6) designee had been called away on business.

On May 12, 2008, the Magistrate Judge issued an Order requiring the production of the documents requested in the Buyers' deposition notices no later than May 23, 2008.

On June 27, 2008, the Buyers moved to compel compliance with the Magistrate Judge's May 12, 2008, Order and requested that Premier and D'Amour be held in contempt for violating that Order.

On August 21, 2008, the Magistrate Judge granted the Buyers' motion to compel production but denied the request for contempt sanctions. The Magistrate Judge observed that the majority of the requested documents should have been produced as a matter of course under Federal Rule of Civil Procedure 26(a). The Magistrate Judge also concluded that the remaining documents were discoverable for good cause under Federal Rule of Civil Procedure 26(b)(1).

---

[2] D'Amour joined in that opposition.

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 5

On September 4, 2008, Premier and D'Amour moved for reconsideration of the Magistrate Judge's August 21, 2008, Order. That motion was denied on October 3, 2008. On September 5, 2008, Premier and D'Amour filed objections to the August 21, 2008, Order.[3] The Buyers have filed an opposition to those objections.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 72(a), "once a magistrate judge to whom a nondispositive pretrial matter is referred enters a written order, the parties have ten days after service of that order within which to serve and file objections, which will be considered by the district court." *GMC v. New A.C. Chevrolet*, 263 F.3d 296, 336 n.32 (3d Cir. 2001) (citing Fed. R. Civ. P. 72(a)); *see also* LRCi 72.2(b)(3)(A). "The district [court] must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.; see also Snow Machines, Inc. v. Hedco, Inc.*, 838 F.2d 718, 728-29 (3d Cir. 1988) (citations omitted).

## III. ANALYSIS

The record reflects that the Buyers filed their deposition notices and accompanying production requests on March 7, 2008. In the normal course, Premier and D'Amour were entitled to thirty

---

[3] The Magistrate Judge's August 21, 2008, Order also denies the Buyers' motion for sanctions. Premier and D'Amour do not challenge that portion of the Magistrate Judge's Order.

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 6

days from that date within which to file objections to the Buyers' requests. *See* Fed. R. Civ. P. 30(b)(2)(A).[4] It is undisputed that Premier and D'Amour did not file objections within thirty days of March 7, 2008. The record does not reflect that the parties stipulated to an extension of time or that the Court granted an extension of time.

On April 7, 2008, Premier filed a motion for an extension of time to respond or object to the Buyers' production requests.[5] In that motion, Premier stated, in relevant part, that D'Amour

> was required by a client to travel, on short notice, to Milan on business. Consequently, Mr. D'Amour will be unable to review his files and either produce responsive documents or make objections within the requisite 30 day period, by April 7, 2008. Based on the unanticipated unavailability of Mr. D'Amour, who was unexpectedly called away to Europe on business, Premier Title asks the Court to grant its Motion for Extension of Time for Premier Title to Respond or Object to Buyers' Rule 30(b)(6) Deposition Requesting Documents and to provide Premier Title an extension of time until April 21, 2008.

(Def. Premier's Mot. for Extension of Time 1-2, April 7, 2008.)

---

[4] Federal Rule of Civil Procedure 30(b)(2)(A) provides:

> *Time to Respond*. The party to whom the request is directed must respond in writing within 30 days after being served. A shorter or longer time may be stipulated to under [Federal Rule of Civil Procedure] 29 or be ordered by the court.

Fed. R. Civ. P. 30(b)(2)(A).

[5] D'Amour did not file a motion for an extension of time.

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 7

After Premier filed its motion asking the Court for the relief described above, the record shows that discovery continued apace. Deposition notices were filed by both the Buyers and D'Amour. The record does not indicate that the Court ruled on Premier's motion for an extension of time or that Premier was otherwise granted the relief it sought. Notwithstanding the absence of a ruling on its motion, Premier, on April 21, 2008, filed its response to the Buyers' requests. The record does not reflect that Premier was thereafter granted *nunc pro tunc* relief with respect to its request for an extension of time.[6]

Having reviewed the entire record in this matter and considered the arguments of counsel and the relevant parties, the Court has reached several conclusions in resolving these objections.

First, Federal Rule of Civil Procedure 34(b)(2)(A) speaks with unequivocal clarity: responses to discovery requests must be made within thirty days unless the responding party receives an extension of time via stipulation of the parties or court order. It is undisputed here that neither of these mechanisms required

---

[6] On August 21, 2008, in a text order, the Magistrate Judge mooted Premier's motion for an extension of time, in addition to two other motions. The mooting of that motion occurred on the same day on which the Magistrate Judge ruled on the Buyers' motion to compel production. Although not explicitly stated on the record, it appears that the mooting of the motion was merely an administrative act and not a ruling on Premier's motion for an extension of time.

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 8

for an extension of time was employed. The Buyers filed their production requests on March 7, 2008. Premier filed its objections on April 21, 2008. Accordingly, Premier's objections to those requests are untimely. *See*, *e.g.*, *Boilermaker-Blacksmith Nat'l Pension Fund v. Nevada Boiler Works*, Civ. No. 96-2168-GTV, 1997 U.S. Dist. LEXIS 2885, at *3 (D. Kan. Mar. 10, 1997) (finding that the defendant "served its objection out of time" because more than thirty days had passed since service of the discovery request). D'Amour elected not to file a response to the Buyers' requests at all. Accordingly, D'Amour's objection to the Magistrate Judge's August 21, 2008, Order also fails as it seeks to resurrect an otherwise untimely objection to the Buyers' production requests. *See*, *e.g.*, *Pitts v. Francis*, Civ. No. 07-169, 2008 U.S. Dist. LEXIS 41894, at *11-12 (N.D. Fla. May 28, 2008) (holding that the defendants had waived their objections to the plaintiff's discovery requests where they missed the thirty-day deadline); *Thielen v. Buongiorno USA, Inc.*, Civ No. 06-16, 2007 U.S. Dist. LEXIS 8998, at *5 (W.D. Mich. Feb. 8, 2007) (noting "the general rule that failure to object to discovery requests within the thirty days provided by Rule 34 constitutes a waiver of any objection") (citation omitted).

    Second, to the extent Premier relies on its motion for an extension of time to demonstrate the timeliness of its objections, that reliance is misplaced. Although Premier's

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 9

motion for an extension of time was filed within the requisite limitations period of Federal Rule of Civil Procedure 34(b)(2)(A)[7], the record does not reflect that Premier's motion was granted. Rather, Premier asked for an extension of time until April 21, 2008 and filed its objections on that date despite not having received a ruling on its motion. Like a pitcher calling balls and strikes, Premier anointed itself both litigant and judge by granting itself the very relief it requested from the Court.[8] Importantly, there is no support in the law for Premier's position.

Finally, the conduct of certain parties in this matter gives the Court great pause. The Magistrate Judge's May 12, 2008,

---

[7] Premier's motion for an extension of time was filed on April 7, 2008, or thirty-one days after the Buyers' requests were filed. April 7, 2008 fell on a Sunday. Premier's motion for an extension of time was therefore filed within the thirty-day limitations period of Federal Rule of Civil Procedure 34(b)(2)(A). *See* Fed. R. Civ. P. 6(a)(3) ("Include the last day of the period unless it is a Saturday, Sunday, legal holiday . . . .").

[8] Unfortunately, this is not the first time that this Court has had to remind litigants of the importance of knowing and following the rules of procedure, *see Francis v. United States INS*, Civ. No. 2007-71, 2008 U.S. Dist. LEXIS 31521, at *3 (D.V.I. Apr. 15, 2008) (footnote omitted); *Davis v. Ragster*, Civ. Nos. 2005-155 and 2005-113, 2008 U.S. Dist. LEXIS 28228, at *3 (D.V.I. Apr. 4, 2008) (reminding "litigants appearing before the Court to carefully observe the Local Rules of Civil Procedure and to comply strictly with this Court's scheduling orders") (citations omitted), and complying strictly with this Court's discovery orders, *see Francis*, 2008 U.S. Dist. LEXIS 31521, at *3-4 (noting that "it is paramount that all litigants comply strictly with this Court's discovery orders") (citations omitted).

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 10

Order unambiguously directs Premier and D'Amour to produce the documents requested in the Buyers' March 7, 2008, deposition notices. The record does not reflect that Premier and D'Amour filed either a motion for reconsideration of that Order pursuant to Local Rule of Civil Procedure 7.3 or objections to that Order pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule of Civil Procedure 72.2(b)(3)(A), or that Premier and D'Amour otherwise challenged that Order. Rather, the record demonstrates that Premier and D'Amour considered themselves at liberty to ignore that Order's clear mandate. This factual scenario reflects precisely the sort of conduct that practically invites a finding of contempt.

"A plaintiff must prove three elements by clear and convincing evidence to establish that a party is liable for civil contempt: (1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order." *Roe v. Operation Rescue*, 54 F.3d 133, 137 (3d Cir. 1995) (quotation marks and citation omitted).

Here, there can be little, if any, doubt that the Magistrate Judge's May 12, 2008, Order is a valid order[9], that Premier and

---

[9] To the extent Premier and D'Amour might assert that the Magistrate Judge's Order is invalid, that assertion would fail. In a contempt analysis, "[t]he validity of the underlying order is not open to consideration." *Harris v. City of Philadelphia*, 47 F.3d 1311, 1326 (3d Cir. 1995).

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 11

D'Amour knew or should have known about that Order, and that Premier and D'Amour disobeyed that Order by failing to comply with the Buyers' production requests. The three elements required for a contempt finding thus appear to be satisfied. Under these circumstances, the imposition of contempt sanctions on Premier and D'Amour was well within the Magistrate Judge's authority. *See* Fed. R. Civ. P. 37(b)(2) ("If a party . . . fails to obey an order to provide or permit discovery, . . . the court . . . may issue further just orders[, including] treating as contempt of court the failure to obey any order[.]"); *see also SEC v. First Financial Group of Texas, Inc.*, 659 F.2d. 660, 669-70 (5th Cir. 1981) (upholding the district court's imposition of contempt sanctions under its inherent powers after a discovery order was violated).

    Although Premier's and D'Amour's contemptuous conduct is manifest on the record, the Magistrate Judge's decision not to impose contempt sanctions is neither clearly erroneous nor contrary to law. Accordingly, the Court will defer to the Magistrate Judge's discretion on this issue. The Court, nevertheless, admonishes the parties to conform with the utmost diligence to court orders and the rules of procedure.[10]

---

[10] Indeed, given the disregard for the rules of procedure and the Magistrate Judge's orders, it is no surprise that this litigation -- which boils down to a breach-of-contract claim -- has meandered along for more than four years. The Court will

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 12

## IV. CONCLUSION

For the reasons given above, the objections to the Magistrate Judge's August 21, 2008, Order will be dismissed. An appropriate order follows.

                                        S_____
                                          CURTIS V. GÓMEZ
                                            Chief Judge

---

monitor this matter closely to ensure that it does not proceed at a glacial pace.