**FOR PUBLICATION**

```
         IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS & ST. JOHN
```

```
ROBERT ADDIE, JORGE PEREZ and  )
JASON TAYLOR,                  )
                               )
          Plaintiffs,          )
                               )    Civil No. 2004-135
     v.                        )
                               )
CHRISTIAN KJAER, HELLE         )
BUNDGAARD, STEEN BUNDGAARD,    )
JOHN KNUD FÜRST, KIM FÜRST,    )
NINA FÜRST, PREMIER TITLE      )
COMPANY, INC., formerly known  )
as FIRST AMERICAN TITLE        )
COMPANY, INC., and KEVIN F.    )
D'AMOUR,                       )
                               )
          Defendants.          )
_____)
```

**ATTORNEYS:**

**Gregory H. Hodges, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiffs.*

**Carol G. Hurst, Esq.**
St. Thomas, U.S.V.I.
    *For defendants Christian Kjaer, Helle Bundgaard, Steen Bundgaard, John Knud Fürst, Kim Fürst, and Nina Fürst.*

**John K. Dema, Esq.**
St. Croix, U.S.V.I.
    *For defendant Premier Title Company Inc., formerly known as First American Title Company Inc.*

**Maria T. Hodge, Esq.**
St. Thomas, U.S.V.I.
    *For defendant Kevin F. D'Amour.*

<u>MEMORANDUM OPINION</u>

**GÓMEZ, C.J.**

Before the Court is the motion of defendants Christian Kjaer, Helle Bundegaard, Steen Bundegaard, John Knud Furst, Kim

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 2

Furst and Nina Furst (together, the "Sellers"), for leave to file a second amended answer and to assert counterclaims.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Because the parties are familiar with the factual and procedural history of this matter, the Court recites only those facts necessary for the disposition of this motion.

The plaintiffs, Robert Addie, Jorge Perez and Jason Taylor (together, the "Buyers"), agreed to purchase two parcels of land from the Sellers. The Buyers also agreed to pay $1.5 million into an escrow account managed by defendant Premier Title Company, Inc., formerly known as First American Title Company, Inc. ("Premier"). At all times relevant, defendant Kevin D'Amour ("D'Amour") was Premier's president and sole shareholder. D'Amour also acted as counsel to the Sellers.

The land was not conveyed as the parties contemplated. Thereafter, the Buyers demanded the return of the escrow funds. Premier, instead, released the escrow funds to the Sellers. This action ensued.

The Buyers allege the following: breach of contract; negligent misrepresentation by the Sellers; fraud by certain defendants; fraud by D'Amour; conversion; breach of fiduciary duty by Premier; and unjust enrichment. The Buyers also seek a declaration that: they are entitled to terminate the land contracts; the Sellers cannot deliver marketable title to the

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 3

land; and the Sellers have defaulted under the terms of the land contracts.

The Sellers filed their answer to the Buyers' complaint on September 25, 2006, raising twenty-four affirmative defenses. The Sellers filed a first amended answer on October 13, 2006, adding two affirmative defenses. Neither the answer nor the first amended answer asserts a counterclaim against the Buyers.

On March 28, 2008, the Court scheduled the trial of this matter for January 5, 2009. On September 5, 2008, the Court issued a pretrial management order, setting December 1, 2008 as the deadline for filing dispositive motions and maintaining January 5, 2009 as the trial date.

The Sellers now seek leave to file a second amended answer and to assert counterclaims. The Buyers have filed an opposition.

## II. <u>DISCUSSION</u>

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. Rule 15(a)(2) provides that after a party has amended its pleading once as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2); *see also* see also LRCi 15.1 (setting forth the form of a motion to amend and its supporting documentation). That rule further instructs that "[t]he court should freely give leave when justice

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 4

so requires." *Id.* Although "the grant or denial of an opportunity to amend is within the discretion of the District Court, . . . outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of that discretion." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court may deny a request for leave to amend "if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005).

"Prejudice to the non-moving party is the touchstone for the denial of an amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993). Prejudice must be substantial or undue to justify denying leave to amend. *Id.* To be unduly prejudicial, the proposed amendment must "unfairly disadvantage[]" the non-movant. *Bechtel v. Robinson*, 886 F.2d 644, 654 (3d Cir. 1989) (quotation marks and citations omitted). "In the absence of substantial or undue prejudice to the nonmoving party[,] . . . denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, [or] repeated failures to cure the deficiency by amendments previously allowed[.]" *USX Corp. v. Barnhart*, 395 F.3d 161, 166 (3d Cir. 2004) (quotation marks and citations omitted).

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 5

### III. ANALYSIS

The Sellers seek to add the following to their first amended answer: the affirmative defense of fraudulent inducement; a fraudulent inducement counterclaim; and a breach of contract counterclaim. In support of their motion, the Sellers contend that, before now, they lacked the fact discovery necessary to support their proposed amendments. They also assert that their proposed amendments are identical to amendments that Premier made to its answer earlier in these proceedings.

Premier sought leave to file a first amended answer on January 9, 2007. The Court granted that motion on January 30, 2007. In its first amended answer, Premier raised five additional affirmative defenses, including fraudulent inducement. Premier also added two fraudulent inducement counterclaims and one breach of contract counterclaim.[1] In all three counterclaims, Premier essentially alleges that the Buyers falsely represented that they had sufficient funds to close the land transactions. Premier seeks damages for the value of its services and lost income incurred in connection with the land contracts and escrow agreement.

In their proposed counterclaims, the Sellers allege that the Buyers misrepresented their financial wherewithal to close the

---

[1] The Buyers moved to dismiss those counterclaims on April 13, 2007. The Court denied the Buyers' motion on June 19, 2007.

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 6

transactions. The Sellers seek damages for lost interest, lost business opportunities, attorney's fees for closing preparation, title insurance cancellation fees, and foreign exchange risks, among other damages.

The thrust of the Sellers' proposed fraudulent inducement affirmative defense and counterclaim is that the Buyers falsely represented during negotiations that Christina Montana ("Montana") was the real estate broker for the land transactions. The Sellers allege that they discovered only in September, 2008, via the deposition of April Newland ("Newland"), a Virgin Islands realtor, that Montana is not a licensed realtor and that she is the mother-in-law of one of the Buyers. That claim is belied by the factual and procedural history of this case.

At all relevant times, the Sellers knew that Montana was involved in these transactions and could have explored her role in the negotiations. Even if they chose not explore that role on their own, on April 8, 2008, D'Amour noticed Montana's deposition for April 22, 2008. The Sellers were on notice of that deposition and could have inquired about Montana's role then. Furthermore, the Sellers offer no explanation for their decision to depose Newland at such an advanced stage of this litigation. Given this backdrop, the Sellers' reasons for delay are

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 7

deficient.[2]

The Sellers' account with respect to their proposed breach of contract counterclaim suffers from similar defects. According to the Sellers, that counterclaim springs from one of the Buyers' admissions at a deposition that the Buyers had not secured financing for the transaction. That deposition occurred on July 23, 2007. The Sellers make no effort to justify the need for approximately fifteen months from that date to assert their proposed breach of contract counterclaim.

The Sellers themselves concede that Premier made the very amendments they now seek to make approximately twenty-two months ago. The Sellers' contention that they did not join in Premier's motion because they could not previously support the factual allegations in Premier's amendments is wholly unpersuasive.

"Delay alone is not sufficient to justify denial of leave to amend." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (citation omitted). "[H]owever, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir.

---

[2] The Sellers also do not make clear how Montana's role in the land transactions has any bearing on their fraudulent inducement counterclaim. That counterclaim alleges that the Buyers falsely represented that they had secured financing for the transaction. The Sellers do not allege that Montana herself made that representation.

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 8

1984) (citations omitted). That is precisely the circumstance in which the Sellers find themselves.

The Sellers' motion for leave to amend their pleading, four years after the commencement of this action, gives the Court pause. The delay is particularly troubling because the Sellers were on notice of the facts necessary to assert their counterclaims almost two years ago. Under these circumstances, the Sellers cannot now delay a trial that will commence in two months for amendments they could have made earlier, but elected not to. *See Arthur*, 434 F.3d at 204 ("When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied."); *see, e.g., USX Corp.*, 395 F.3d at 169 (finding that leave to amend was properly denied where the appellants "waited over three years to amend . . . and had notice of the [necessary facts] prior to filing both the original complaint and the first amended complaint"); *Cureton v. NCAA*, 252 F.3d 267, 274 (3d Cir. 2001) (finding undue delay because the motion for leave to amend was filed three years after the action had commenced, the facts in the amendment were available nearly two-and-one-half years before seeking leave, and the amendment would frustrate judicial efficiency and finality); *Lorenz*, 1 F.3d at 1413-14 (finding that, despite the absence of prejudice to the defendant, the district court properly denied leave to amend where it was sought three years after the

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 9

commencement of the action, the plaintiff was on notice of all of the facts before she amended her complaint, and the plaintiff had several opportunities to correct any deficiencies in the complaint); *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1164 (5th Cir. 1982) (finding undue delay where the motion to amend was filed two years and three months after the complaint and was based on information available before the first amendment).[3]

The Sellers' proposed amendments also would prejudice the Buyers. The Buyers have already filed a motion for summary judgment on one of the counts in their complaint. To accept the Sellers' proposed affirmative defense and counterclaims at this stage would impermissibly allow the Sellers to avoid a ruling on that motion, at least in the short term. *See Schlacter-Jones v. General Tel.*, 936 F.2d 435, 443 (9th Cir. 1991) ("A motion for leave to amend is not a vehicle to circumvent summary judgment."), *overruled on other grounds, Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683 (9th Cir. 2001).

---

[3] The Sellers contend in their motion that "discovery is on-going and it appears that it will remain open for some time." (Premier's Mot. to Am. Ans. and Assert Countercl. 3.) That contention is inaccurate. The Court long ago scheduled the trial of this matter for January 5, 2009. The Court has given no indication whatever that that date is subject to change. Also, on September 24, 2008, the Sellers filed a motion to join in D'Amour's motion for a continuance of the trial date, arguing that fact discovery is still in progress. That motion is pending.

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 10

Moreover, the Court disagrees with the Sellers' assertion that the proposed amendments require the same proof and level of preparation as those in Premier's first amended answer. The Sellers' proposed counterclaims seek much greater and varied damages than Premier's counterclaims.[4] In addition, the facts underpinning Premier's counterclaims are distinct from those needed to sustain the Sellers' proposed counterclaims. To allow the Sellers' amendments now would unfairly obligate the Buyers to defend against these belated counterclaims, causing them to incur significant additional expenses by extending an already protracted discovery period. Given that the trial of this matter is less than two months away, to allow the proposed amendments at this late stage would impose undue hardship on the Buyers. *See*, *e.g.*, *Serrano Medina v. United States*, 709 F.2d 104 (1st Cir. 1983) (holding that an eleventh-hour amendment that would require extensive additional discovery would be prejudicial to the defendants); *DeBry v. Transamerica Corp.*, 601 F.2d 480 (10th Cir. 1979) (finding that where a plaintiff requested leave to amend its complaint to assert "new concepts and theories" that would require extensive additional discovery and create a risk that the trial scheduled three months away would have to be delayed, allowing the amendment would have been prejudicial to the

---

[4] Damages, of course, are an element of a breach of contract claim that must be proven like any other element.

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 11

defendant).

## IV. CONCLUSION

For the reasons given above, the Sellers' motion for leave to amend will be denied in its entirety.  An appropriate order follows.

S\_____
      **CURTIS V. GÓMEZ**
        **Chief Judge**