**FOR PUBLICATION**

```
        IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS & ST. JOHN

ROBERT ADDIE, JORGE PEREZ and  )
JASON TAYLOR,                  )
                               )
          Plaintiffs,          )
                               )   Civil No. 2004-135
     v.                        )
                               )
CHRISTIAN KJAER, HELLE         )
BUNDGAARD, STEEN BUNDGAARD,    )
JOHN KNUD FÜRST, KIM FÜRST,    )
NINA FÜRST, PREMIER TITLE      )
COMPANY, INC., formerly known  )
as FIRST AMERICAN TITLE        )
COMPANY, INC., and KEVIN F.    )
D'AMOUR,                       )
                               )
          Defendants.          )
_____)
```

**ATTORNEYS:**

**Gregory H. Hodges, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiffs.*

**Carol G. Hurst, Esq.**
St. Thomas, U.S.V.I.
    *For defendants Christian Kjaer, Helle Bundgaard, Steen*
    *Bundgaard, John Knud Fürst, Kim Fürst, and Nina Fürst.*

**John K. Dema, Esq.**
St. Croix, U.S.V.I.
    *For defendant Premier Title Company Inc., formerly*
    *known as First American Title Company Inc.*

**Maria T. Hodge, Esq.**
St. Thomas, U.S.V.I.
    *For defendant Kevin F. D'Amour.*

## MEMORANDUM OPINION AND ORDER

**GÓMEZ, C.J.**

    On November 25, 2008, the Court ordered the plaintiffs, Robert Addie, Jorge Perez and Jason Taylor (together, the

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion and Order
Page 2

"Buyers"), to submit their expert report no later than December 1, 2008. On December 1, 2008, defendants Christian Kjaer, Helle Bundgaard, Steen Bundgaard, John Knud Fürst, Kim Fürst, and Nina Fürst (together, the "Sellers") moved for a protective order to preclude the Buyers from using James Hindels ("Hindels") as their expert, asserting that Hindels has a conflict of interest. Later that day, the Buyers moved for an extension of time to file their expert report, asserting that Hindels has refused to tender his expert report pending resolution of the Sellers' motion to exclude him. On December 4, 2008, the Court denied the Buyers' motion for an extension of time.[1] The Buyers have filed a motion for reconsideration of that ruling. To date, they have not submitted their expert report.

Motions for reconsideration are governed by Local Rule of Civil Procedure 7.3, which provides:

> A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed within ten (10) days after the entry of the order or decision unless the time is extended by the Court. Extensions will only be granted for good cause shown. A motion to reconsider shall be based on:
>
> 1. intervening change in controlling law;
> 2. availability of new evidence, or;
> 3. the need to correct clear error or prevent manifest injustice.

LRCi 7.3. The purpose of a motion for reconsideration "is to

---

[1] The Court also denied as moot the Sellers' motion for a protective order.

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion and Order
Page 3

correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Such motions are not substitutes for appeals, and are not to be used as "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004). "Local Rule [7.3] affirms the common understanding that reconsideration is an 'extraordinary' remedy not to be sought reflexively or used as a substitute for appeal." *Id.*

The Buyers contend that reconsideration of the Court's December 4, 2008, ruling is warranted on two main grounds. First, they argue that counsel for the Sellers improperly contacted Hindels *ex parte* to encourage him to voluntarily withdraw as the Buyers' expert. That contention is deficient to the extent it fails to identify any intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. In any event, the Court's denial of the Buyers' motion for an extension of time is wholly unrelated to any allegedly improper communications between their expert and opposing counsel. Reconsideration is therefore unwarranted on this ground.

The Buyers also assert that they have manifested no bad

faith in failing to submit their expert report on time and that the Sellers would not be prejudiced by that failure. The Buyers rely on *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894 (3d Cir. 1977), *overruled on other grounds*, *Goodman v. Lukens Steel*, 777 F.2d 113 (3d Cir. 1985), *aff'd* 482 U.S. 656 (1987). That reliance is misplaced.

A detailed recitation of the facts giving rise to the suit in *Meyers* is unnecessary for the purpose of resolving the Buyers' motion. Suffice it to say that the following sequence of events occurred during the pretrial period:

> The district court had directed (1) that all discovery be completed by January 30, 1976, (2) that plaintiff file his pretrial memorandum, including a list of his expected witnesses, by January 15, 1976, and (3) that defendant file its pretrial memorandum, including its expected witnesses, by February 2, 1976. Plaintiff timely filed his pretrial memorandum listing seven witnesses and on February 23, 1976, a pretrial conference was held and trial was scheduled for March 17, 1976. Three days later, February 26, 1976, plaintiff, evidently having learned of potential new fact witnesses, sent a letter to defendant's counsel with copy to the trial judge informing him that he wished to supplement the pretrial memorandum with the names of the [other] witnesses whom plaintiff might call at trial[.]

*Meyers*, 559 F.2d at 903.

At trial, on March 17, 1976, the plaintiff called two of the other witnesses not listed in the pretrial memorandum. The defense objected. The district court sustained the objection and excluded the testimony of those two witnesses on the ground that

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion and Order
Page 5

they were not listed in plaintiff's pretrial memorandum. *Id.* at 904.

On appeal, the United States Court of Appeals for the Third Circuit held that the district court abused its discretion in excluding the testimony of the two unlisted witnesses. The court articulated four factors to be considered in deciding whether a district court abuses its discretion in excluding testimony because of the failure of counsel to adhere to a pretrial order:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court, and (4) bad faith or wilfulness in failing to comply with the district court's order.

559 F.2d at 904-905. Also to be considered is the importance of the excluded testimony. *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (citing *Meyers*, 559 F.2d at 904). "The exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of wilful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Meyers*, 559 F.2d at 905 (quoting *Dudley v. South Jersey Metal, Inc.*, 555 F.2d 96, 99 (3d Cir. 1977)).

In applying the standards outlined above, the *Meyers* Court began its analysis by noting how critical the excluded testimony was to the plaintiff's case. 559 F.2d at 904. The court also

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion and Order
Page 6

reasoned that the district court had made no finding that the plaintiff's failure to exclude the unlisted witnesses was a product of bad faith or willfulness. *Id.* at 905. Finally, the court concluded that while there was some indication of prejudice to the defense and a possible disruptive effect of waiving the rule requiring that witnesses be timely noticed, neither of those factors was significant under the circumstances. *Id.* In the court's view, the district court would have been justified in sanctioning the plaintiff, but not excluding the unlisted witnesses outright. *Id.*

At its core, *Meyers* speaks to the prejudice that follows from excluding a crucial witness, simply because that witness is not listed, without weighing certain factors. Significantly, *Meyers* does not speak to the issue presented here. Here, the Court must determine the appropriate remedy for a party that fails to produce a timely expert report when the trial is approximately one month away. *Meyers* is inapplicable to this matter because the Court is not excluding the testimony of an unlisted witness. Rather, the Court is refusing to extend a discovery deadline in an effort to ensure that the parties respect court-ordered deadlines and to ensure that all parties have information to which they are entitled.[2]

---

[2] The Buyers' reliance on *Meyers* is misplaced for another reason. Unlike the excluded testimony in that case, Hindels'

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion and Order
Page 7

    Federal Rule of Civil Procedure 16(f)(1)(C) provides that "[o]n motion or on its own, the court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C).[3] Rule 16(f) also authorizes the court to issue sanctions pursuant to Rule 37(b)(2)(A). That rule provides that if a party "fails to

---

testimony cannot be characterized as crucial. The Buyers propose to call Hindels as an expert on Virgin Islands real estate title. A witness may be qualified as an expert only if his testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Here, the Buyers allege that the Sellers could not provide marketable title, while the Sellers allege that the Buyers had inadequate financing to close the deal. Hindels offers to testify about what constitutes a cloud on real estate title in the Virgin Islands. To the extent he offers purely factual information, he cannot testify as an expert. *See*, *e.g.*, *United States v. Mejia*, Nos. 05-2856, 05-6683, 06-1744, 2008 U.S. App. LEXIS 20992, at *42 (2d Cir. Oct. 6, 2008) ("Those parts of [the expert's] testimony that involved purely factual matters . . . fell far beyond the proper bounds of expert testimony."). To the extent he offers purely legal expertise, his testimony as an expert is unneeded. *See Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997) ("In our legal system, purely legal questions and instructions to the jury on the law to be applied to the resolution of the dispute before them is exclusively the domain of the judge. Accordingly, expert testimony on such purely legal issues is rarely admissible."). The opinion testimony that Hindels offers does not appear to be an opinion on a factual matter. Rather, the tenor of the information that Hindels offers appears to be legal. Significantly, it is difficult to discern how Hindels' testimony could be helpful to the trier of fact, as Federal Rule of Evidence 702 requires.

    [3] "Although a finding of bad faith is generally required for a court to impose sanctions pursuant to its inherent authority, no express requirement of intent or negligence exists in the language of Rule 16(f)." *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 241 (3d Cir. 2007).

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion and Order
Page 8

obey an order to provide or permit discovery," the court may "prohibiting the disobedient party . . . from introducing designated matters in evidence[.]" Fed. R. Civ. P. 37(b)(2)(A)(ii).

This case has meandered along the Court's docket for more than four years. On March 28, 2008, the Court set the trial of this matter for January 5, 2009. The Court presumed that the parties would engage in trial preparation in an effort to comply with the letter and the spirit of the Court's scheduling order. To ensure that goal, the Court unambiguously directed the Buyers to submit their expert report no later than December 1, 2008.[4] The Buyers failed to comply with that directive. The Buyers' conduct is precisely the sort that invites the exclusion of expert testimony. *See United States v. 68.94 Acres of Land*, 918 F.2d 389, 396 (3d Cir. 1990) ("This court has upheld the exclusion of expert witnesses as an appropriate sanction for a party's violation of a discovery order or some other pre-trial order.") (citations omitted); *De Laval Turbine, Inc. v. West India Industries, Inc.*, 502 F.2d 259, 263 (3d Cir. 1974) (stating that "the District Judge had the power to exclude the testimony

---

[4] Indeed, in the Court's view, to go beyond this date, given the need to conclude trial preparation, would either preclude the Sellers from responding to the report or disrupt the trial setting to accommodate the Sellers' need for meaningful consideration of an untimely report.

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion and Order
Page 9

by reason of [a litigant's] failure to obey the pretrial order") (citations omitted).

The proponent of expert testimony has an obligation to ensure that its expert will comply with court orders. The Court plays no role in the relationship between the party and its expert. Were the converse true, the Court would improperly involve itself in attorney-client and attorney-witness disputes.

Diligence in securing an expert is also required. Here, the Buyers had years to disclose their expert and submit their expert report. Notwithstanding that extended period of time, the Buyers chose to do so belatedly, and now untimely. That deficiency was not cured by filing a motion for an extension of time on the due date.[5]

Ultimately, the Buyers' several arguments are inadequate, as they have failed to point the Court to any intervening change in law, new evidence or clear error that requires reconsideration.

For the foregoing reasons, it is hereby

---

[5] Indeed, to the extent any party proceeds under the assumption that moving for an extension of time to file a document on its due date, necessarily tolls that due date, that assumption is ill-founded. Were it true, litigants could manipulate the Court's schedule to suit their needs simply by filing successive motions for extensions of time. Given the Court's sole authority over its docket, such a result would be illogical. *See United States v. Wecht*, 484 F.3d 194, 217 (3d Cir. 2007); *Yakowicz v. Pennsylvania*, 683 F.2d 778, 784 (3d Cir. 1982).

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion and Order
Page 10

    **ORDERED** that the motion for reconsideration is **DENIED**.

                                          S_____
                                                 **CURTIS V. GÓMEZ**
                                                    **Chief Judge**