**FOR PUBLICATION**

```
         IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS & ST. JOHN
```

```
ROBERT ADDIE, JORGE PEREZ and  )
JASON TAYLOR,                  )
                               )
          Plaintiffs,          )
                               )    Civil No. 2004-135
     v.                        )
                               )
CHRISTIAN KJAER, HELLE         )
BUNDGAARD, STEEN BUNDGAARD,    )
JOHN KNUD FÜRST, KIM FÜRST,    )
NINA FÜRST, PREMIER TITLE      )
COMPANY, INC., formerly known  )
as FIRST AMERICAN TITLE        )
COMPANY, INC., and KEVIN F.    )
D'AMOUR,                       )
                               )
          Defendants.          )
_____)
```

**ATTORNEYS:**

**Gregory H. Hodges, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiffs.*

**Carol G. Hurst, Esq.**
St. Thomas, U.S.V.I.
    *For defendants Christian Kjaer, Helle Bundgaard, Steen*
    *Bundgaard, John Knud Fürst, Kim Fürst, and Nina Fürst.*

**John K. Dema, Esq.**
St. Croix, U.S.V.I.
    *For defendant Premier Title Company Inc., formerly*
    *known as First American Title Company Inc.*

**Maria T. Hodge, Esq.**
St. Thomas, U.S.V.I.
    *For defendant Kevin F. D'Amour.*

## MEMORANDUM OPINION AND ORDER

**GÓMEZ, C.J.**

The plaintiffs, Robert Addie, Jorge Perez and Jason Taylor (together, the "Buyers"), have filed objections to the Magistrate

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion and Order
Page 2

Judge's November 26, 2008, Order prohibiting them from deposing the Chief Counsel of the Virgin Islands Bureau of Internal Revenue (the "BIR").

## I. FACTUAL AND PROCEDURAL BACKGROUND

The parties are familiar with the facts of this matter, and thus the Court recites only those facts that are necessary for the resolution of these objections.

The Buyers agreed to purchase two parcels of land from defendants Christian Kjaer, Helle Bundegaard, Steen Bundegaard, John Knud Furst, Kim Furst and Nina Furst (together, the "Sellers"): Great St. James Island, St. Thomas, U.S. Virgin Islands ("Great St. James") and Parcel No. 11 Estate Nazareth, No. 1 Red Hook Quarter, St. Thomas, U.S. Virgin Islands (the "Nazareth Property"). The Buyers also agreed to pay $1.5 million into an escrow account managed by defendant Premier Title Company, Inc., formerly known as First American Title Company, Inc. ("Premier"). At all times relevant, defendant Kevin D'Amour ("D'Amour") was Premier's president and sole shareholder. D'Amour also acted as counsel to the Sellers.

The land was not conveyed as the parties contemplated. The Buyers demanded the return of the escrow funds. Premier released the escrow funds to the Sellers. This action ensued.

The Buyers allege the following: breach of contract; negligent misrepresentation by the Sellers; fraud by certain

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion and Order
Page 3

defendants; fraud by D'Amour; conversion; breach of fiduciary duty by Premier; and unjust enrichment. The Buyers also seek a declaration that: they are entitled to terminate the land contracts; the Sellers cannot deliver marketable title to the land; and the Sellers have defaulted under the terms of the land contracts.

On March 7, 2008, the Buyers noticed the depositions of D'Amour and Premier for March 26, 2008.[1] The notices also requested the production of several documents at the depositions. The requested documents included an application filed by D'Amour on behalf of the Sellers on June 16, 2004, for reduced or zero withholding tax certificates from the BIR.[2]

On May 12, 2008, the Magistrate Judge ordered D'Amour and Premier to produce the documents referenced in the deposition notices no later than May 23, 2008.[3] According to the Buyers, D'Amour and Premier have not complied with that order to date.

On August 15, 2008, the Buyers subpoenaed the BIR to obtain

---

[1] Pursuant to Federal Rule of Civil Procedure 30(b)(6), Premier designated D'Amour to appear on its behalf.

[2] On July 14, 2004, the BIR granted a zero withholding tax certificate for Great St. James and a reduced withholding tax certificate for the Nazareth Property.

[3] Thereafter, the Buyers moved to compel compliance with the Magistrate Judge's May 12, 2008, Order. On August 21, 2008, the Magistrate Judge granted the Buyers' motion. D'Amour and Premier subsequently filed objections to the Magistrate Judge's August 21, 2008, Order. The Court dismissed those objections.

documentation relating to the real estate the Buyers had contracted to purchase as well as the following:

1. All documents concerning and related to or that support the facts set forth in the July 14, 2004, "zero withholding" letter from Tamarah Parson Smalls, Esq. of the Virgin Islands Bureau of Internal Revenue to Kevin F. D'Amour, Esq., including but not limited to how the basis was determined and substantiated.

2. All documents concerning or referencing any communications between Kevin F. D'Amour, Esq., or any other agent or attorney for the Sellers and the Virgin Islands Bureau of Internal Revenue regarding the Great St. James Property and/or the Nazareth Property.

(Pls.' Notice of Intent to Serve Subpoena 7, Aug. 15, 2008.)

The Buyers allege that after the BIR refused to comply with the subpoena, they sought an order from the Court to compel compliance. On October 7, 2008, the Magistrate Judge ordered the BIR to comply with the subpoena within ten days. On October 21, 2008, the Buyers filed a notice indicating that the BIR had complied with the subpoena.

On November 19, 2008, the Buyers noticed the deposition of the BIR's Chief Counsel, Tamarah Parson-Smalls ("Smalls"), for November 26, 2008.

On November 25, 2008, the Sellers, along with the BIR, Smalls and the Government of the Virgin Islands (the "Government), through the Virgin Islands Attorney General, jointly moved for a protective order to preclude the Buyers from

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion and Order
Page 5

taking testimony from Smalls regarding confidential taxpayer information.

The Magistrate Judge held a telephonic conference with the parties during Smalls' deposition on November 26, 2008. The Magistrate Judge thereafter granted the Sellers' motion for a protective order and stated the following in a Minute Order:

> The deposition of the General Counsel to the Internal Revenue Bureau will not proceed for the reason that the deliberate process of the Bureau is not subject to discovery in this proceeding. . . . Gov't has produced the subpoenaed documents, which will be copied and served on all parties by counsel.

(Minute Order, Nov. 26, 2008.)[4]

The Buyers have filed objections to the Magistrate Judge's November 26, 2008, Order. The Sellers and D'Amour have separately filed oppositions to those objections. Premier has joined in those oppositions. The Court held a hearing on the objections on December 15, 2008.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 72(a), "once a magistrate judge to whom a nondispositive pretrial matter is referred enters a written order, the parties have ten days after service of that order within which to serve and file objections, which will be considered by the district court." *GMC v. New A.C.*

---

[4] The Minute Order is internally dated November 27, 2008. However, it was stamped by the Clerk of Court on November 26, 2008 and entered on the docket on November 26, 2008.

*Chevrolet*, 263 F.3d 296, 336 n.32 (3d Cir. 2001) (citing Fed. R. Civ. P. 72(a)); *see also* LRCi 72.2(b)(3)(A). "The district [court] must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also Snow Machines, Inc. v. Hedco, Inc.*, 838 F.2d 718, 728-29 (3d Cir. 1988) (citations omitted).

### III. ANALYSIS

At the November 26, 2008, telephonic hearing before the Magistrate Judge, the Government, which is not a party in this lawsuit, asserted that the deliberative process privilege prohibits the Buyers from deposing Smalls. That hearing was neither recorded nor transcribed. Furthermore, the Magistrate Judge's November 26, 2008, Order does not reflect whether the standards governing the application of the deliberative process privilege were properly applied. As such, the Court will conduct a *de novo* review of the joint motion for a protective order. *See, e.g., Unlimited Holdings, Inc. v. Bertram Yacht, Inc.*, Civ. No. 2005-46, 2008 U.S. Dist. LEXIS 82142, at *19 (D.V.I. Oct. 15, 2008) (citations omitted).

The parties have focused their efforts on advocating or opposing the applicability of the deliberative process privilege, the basis of the Magistrate Judge's ruling. Notwithstanding that focus, the Court will review the joint motion for a protective order under the Federal Rules of Civil Procedure.

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion and Order
Page 7

Rule 26(c) provides:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending — or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken.

Fed. R. Civ. P. 26(c)(1).[5]

Rule 26(c) also states the grounds on which a court may issue a protective order:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

*Id.*

Good cause is shown "by demonstrating a particular need for protection." *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). The party seeking a protective order bears the burden of persuasion and "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test." *Id.*

---

[5] Rule 26(c)(1) also provides:

> The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.

Fed. R. Civ. P. 26(c)(1).

Here, the Sellers did not include such a certification with their motion for a protective order. There is also no indication in the record that the parties made any effort to resolve this dispute before petitioning the Court.

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion and Order
Page 8

    If a court finds good cause on any of these stated grounds, the court has several remedies at its disposal, including:

> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> (E) designating the persons who may be present while the discovery is conducted;
> (F) requiring that a deposition be sealed and opened only on court order;
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

*Id.*

    The court is also *required*, pursuant to Rule 26(b), to limit the scope of discovery, either on motion or on its own, where any one of three circumstances is attendant:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion and Order
Page 9

At the December 15, 2008, hearing, the Buyers clarified that they propose to make at least the following three inquiries of Smalls: (1) what information D'Amour orally gave the BIR; (2) what documentation the BIR actually relied upon in deciding to issue the withholding tax certificates; and (3) whether the BIR would have reached a different decision if D'Amour had provided the BIR with additional information.

The Court is satisfied that the first two inquiries are neither overbroad nor burdensome.[6] The Buyers have asserted a fraud claim against D'Amour. It is the Buyers' position that, as part of his fraudulent conduct, D'Amour gave invalid information to the BIR. According to the Buyers, that information factored into the BIR's analysis of D'Amour's application for withholding tax certificates. The Buyers also allege that D'Amour, after the initiation of this lawsuit, improperly supplemented the documentation upon which the BIR relied in issuing the certificates. Those allegations are certainly relevant to the question whether D'Amour engaged in fraudulent conduct that adversely affected the Buyers. It is true that those allegations could be either substantiated -- or undermined -- by simply questioning D'Amour personally. However, while asking the same questions of the BIR might be cumulative, that cumulativeness is

---

[6] The Court is also unaware of any privilege that would preclude such a fact-based inquiry.

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion and Order
Page 10

not unreasonable in light of the seriousness of the Buyers' allegations and the unavailability of other evidence to corroborate or impeach D'Amour's testimony on this point. Indeed, allowing the Buyers to ask such questions of the BIR directly would further the truth-seeking function that inheres in every trial.

The Court concludes, however, that the third question requires a different approach under Rules 26(b) and 26(c). According to the Buyers, that question also relates to their allegation that D'Amour committed fraud. In brief, the Buyers allege that D'Amour failed to comply with a statutory mandate to provide the BIR with certain documentation in connection with his application for withholding tax certificates. The Buyers claim that that failure resulted in the BIR's issuance of certificates based on incomplete or inaccurate information. In essence, however, that allegation relates to a fraud that D'Amour may have perpetrated on the Government, not on the Buyers. Significantly, the Court is unaware of any authority that would allow the Buyers, under the circumstances presented here, to raise such an allegation on the Government's behalf. As such, that allegation is not relevant to the Buyers' claim that D'Amour defrauded them.

Furthermore, to the extent that that question seeks to expose D'Amour's alleged fraud, it is unreasonably cumulative of the first two questions and any questions asked of D'Amour

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion and Order
Page 11

personally.  Similarly, that question could also unduly burden the BIR by forcing one of its representatives to respond to a possibly unanswerable hypothetical that could expose the BIR to embarrassment and annoyance. *See*, *e.g.*, *Pearson v. Miller*, 211 F.3d 57, 73 (3d Cir. 2000) ("The injury shown [under Rule 26(c) . . . need be no more than 'embarrassment' . . . .") (citation omitted).  Accordingly, the Court concludes that both Rules 26(b) and 26(c) bar that question.

In reaching its conclusion, the Court is persuaded by the guidance of the United States Court of Appeals for the District of Columbia Circuit regarding the application of Rule 26 where non-parties to a lawsuit are involved:

> [D]istrict courts in cases involving third-party subpoenas to government agencies or employees can adequately protect both the litigant's right to evidence and the government's interest *in not being used as a speakers' bureau for private litigants*. . . . [D]iscovery under Rule[] 26 . . . must properly accommodate the government's *serious and legitimate concern that its employee resources not be commandeered into service by private litigants* to the detriment of the smooth functioning of government operations.

*Watts v. SEC*, 482 F.3d 501, 509 (D.C. Cir. 2007) (quotation marks and citations omitted; emphasis supplied).

While the facts in *Watts* might not precisely resemble those presented in this matter, the teaching of that case bears resonance here.  In requesting unfettered deposition testimony of a BIR employee -- its chief counsel, no less -- the Buyers

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion and Order
Page 12

essentially seek to use the BIR as a mouthpiece for their claims of fraudulent conduct.  As discussed above, the Federal Rules of Civil Procedure do not countenance such a purpose.[7]

### IV. CONCLUSION

For the foregoing reasons, the Court finds that Rules 26(b) and 26(c) protect the BIR from answering the Buyers' question whether withholding tax certificates would have been granted if D'Amour had provided additional materials.  The Buyers may proceed to pose their other two questions -- what information D'Amour orally gave to the BIR and what information the BIR actually relied upon in issuing the certificates.

As the trial of this matter will commence on January 5, 2009, the Court is not persuaded that scheduling depositions is the appropriate method to facilitate the timely disclosure of information.  Rather, the Court will permit the Buyers to propound ten interrogatories on the BIR, including the two permitted questions discussed above.  The BIR, in turn, may

---

[7] Although the Court has resolved these objections on a different ground from that on which the Magistrate Judge relied, the Court notes that its resolution would likely be similar if the deliberative process privilege were applied.  That is so because the information the Buyers seek from the BIR relates to the very process by which the BIR decides whether to issue withholding tax certificates.  Importantly, such information is wholly collateral to any salient issues in this matter. *See*, *e.g.*, *In re Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency*, 145 F.3d 1422, 1425 (D.C. Cir. 1998) ("The privilege was fashioned in cases where the governmental decisionmaking process is collateral to the plaintiff's suit.") (citations omitted).

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion and Order
Page 13

designate an appropriate representative with knowledge of the pertinent issues to respond to those interrogatories.

The premises considered, it is hereby

**ORDERED** that the Magistrate Judge's November 26, 2008, Order is **VACATED**; it is further

**ORDERED** that the joint motion for a protective order is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that the Buyers, no later than **8:00 p.m. on December 17, 2008**, may propound no more than ten interrogatories on the BIR; and it is further

**ORDERED** that the BIR, through its designated representative, shall respond to those interrogatories, if any, no later than **3:00 p.m. on December 18, 2008**.

                                                S\_____
                                                     CURTIS V. GÓMEZ
                                                       **Chief Judge**