FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

ROBERT ADDIE, JORGE PEREZ and )
JASON TAYLOR,                  )
                               )
            Plaintiffs,        )
                               )        Civil No. 2004-135
       v.                      )
                               )
CHRISTIAN KJAER, HELLE         )
BUNDGAARD, STEEN BUNDGAARD,    )
JOHN KNUD FÜRST, KIM FÜRST,    )
NINA FÜRST, and KEVIN F.       )
D'AMOUR,                       )
                               )
            Defendants.        )
_____)

ATTORNEYS:

Gregory H. Hodges, Esq.
St. Thomas, U.S.V.I.
        For the plaintiffs.

Carol G. Hurst, Esq.
St. Thomas, U.S.V.I.
        For defendants Christian Kjaer, Helle Bundgaard, Steen
        Bundgaard, John Knud Fürst, Kim Fürst, and Nina Fürst.

Maria T. Hodge, Esq.
St. Thomas, U.S.V.I.
        For defendant Kevin F. D'Amour.

<u>MEMORANDUM OPINION</u>

GÓMEZ, C.J.

    Before the Court is the motion of defendants Christian

Kjaer; Helle Bundegaard; Steen Bundegaard; John Knud Furst; Kim

Furst; and Nina Furst (together, the "Sellers") to dismiss the

negligent misrepresentation claim asserted in Count III of the

complaint.

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 2

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

The parties are well acquainted with the factual and procedural history of this matter.  The Court therefore recites only those facts necessary for the disposition of this motion.

The plaintiffs, Robert Addie, Jorge Perez and Jason Taylor (together, the "Buyers"), agreed to purchase two parcels of land from the Sellers: Great St. James Island, St. Thomas, U.S. Virgin Islands and Parcel No. 11 Estate Nazareth, No. 1 Red Hook Quarter, St. Thomas, U.S. Virgin Islands.  The Buyers also agreed to pay $1.5 million into an escrow account managed by Premier Title Company, Inc., formerly known as First American Title Company, Inc. ("Premier").[1]  At all times relevant, defendant Kevin D'Amour ("D'Amour") was Premier's president and sole shareholder.  D'Amour also acted as counsel to the Sellers.

Neither parcel was conveyed as the parties contemplated.  This action ensued.

The Buyers allege the following: breach of contract; negligent misrepresentation by the Sellers; fraud by D'Amour; conversion; and unjust enrichment.  The Buyers also seek a declaration that: they are entitled to terminate the land contracts; the Sellers cannot deliver marketable title to the

---

[1]  Premier was initially named as a defendant in this matter.  The Buyers thereafter settled their claims with Premier. Premier has been dismissed from this matter.

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 3

land; and the Sellers have defaulted under the terms of the land contracts.

The Sellers seek dismissal of Count III's negligent misrepresentation claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Buyers have filed an opposition and the Sellers a reply.

## II. <u>DISCUSSION</u>

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)).  All reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).  A court must ask whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic Corp.*, 127 S. Ct. at 1969 (emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 1964-65 (internal citations

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 4

omitted).   Thus, "[t]o survive a motion to dismiss, a . . .
plaintiff must allege facts that 'raise a right to relief above
the speculative level on the assumption that the allegations in
the complaint are true (even if doubtful in fact).'" *Victaulic
Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell
Atlantic Corp.*, 127 S. Ct. at 1965).

### III. <u>ANALYSIS</u>

The Sellers seek dismissal of Count III's negligent
misrepresentation claim on two main grounds.  First, they assert
that the Buyers have failed to allege an essential element of
such a claim.  Second, they argue that Count III must be
dismissed under the gist of the action doctrine.

Under Virgin Islands law, to state a claim for negligent
misrepresentation, a plaintiff must allege that: (1) the
defendant made a representation that was false; (2) the defendant
should have known that the representation was false; (3) the
plaintiff relied on the representation; (4) the plaintiff
suffered pecuniary loss due to its justifiable reliance on the
representation; and (5) the defendant failed to exercise
reasonable care or competence in obtaining or communicating the
information contained in the representation. *See In re Tutu Water
Wells Contamination Litig.*, 32 F. Supp. 2d 800, 807 (D.V.I. 1998)
(citing Restatement (Second) of Torts § 552 (1977)).

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 5


Negligent misrepresentation "requires an *express* representation which is false or misleading at the time it is made." *Charleswell v. Chase Manhattan Bank, N.A.*, 308 F. Supp. 2d 545, 568 (D.V.I. 2004) (quoting *L.E.B. Enters., Inc. v. Barclays Bank, P.L.C.*, 33 V.I. 42, 46 (Terr. Ct. 1995) (emphasis in original)).  That is, an "alleged misrepresentation must be factual in nature and not promissory or relating to future events that might never come to fruition." *Hydro Investors, Inc. v. Trafalgar Power, Inc.*, 227 F.3d 8, 20-21 (2d Cir. 2000) (stating New York law; citations omitted).  This requirement is rooted in the principle that "[i]t is impossible to be negligent in failing to ascertain the truth or falsity of one's own future intentions." *City of St. Joseph v. Southwestern Bell Tel.*, 439 F.3d 468, 478 (8th Cir. 2006) (stating Missouri law; quotation marks and citation omitted).  As one federal court of appeals has explained:

> This is not some obscure technical rule.  It is a natural consequence of the meanings of the terms negligent and misrepresentation.  A misrepresentation conveys "false information[]"; that is, it must be a false statement of fact.  But a promise in itself contains no assertion of fact other than the implied representation that the speaker intends to perform the promise.  The misrepresentation must therefore be that the promissor is falsely declaring that he has the intent to perform.  If the promissor intends not to perform, however, the misrepresentation (that the promissor intends to perform) is not negligent; it is, rather, knowing and intentional[.]

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 6

*Alpine Bank v. Hubbell*, No. 07-1190, 2008 U.S. App. LEXIS 26944, at *21-22 (10th Cir. Dec. 31, 2008) (stating Colorado law; internal citations omitted).  Thus, "if a promise was actually made with a preconceived and undisclosed intention of not performing it, it constitutes a misrepresentation of material existing fact . . . ." *Stewart v. Jackson & Nash*, 976 F.2d 86, 89 (2d Cir. 1992) (stating New York law; emphasis, quotation marks and citation omitted).

In Count III, the Buyers allege that: the Sellers falsely represented that title to the two parcels of land was free and clear for the purpose of inducing the Buyers to purchase those parcels; the Sellers knew or should have known that title to those parcels was not free and clear; the Buyers justifiably relied on the Sellers' representations; the Buyers have incurred sundry financial losses due to that reliance; and the Sellers did not exercise reasonable care or competence in obtaining or communicating the information contained in their representations to the Buyers.  The Buyers seek to recover $1.5 million in escrow funds.

Crucially, missing from Count III is any allegation that the Sellers made a representation of fact that was false at the time it was made.  There is also no allegation that the Sellers purposefully intended not to perform the parties' contract.  At most, the Buyers have alleged that the Sellers failed to fulfill

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 7

their future promise to deliver marketable title at closing.

Significantly, that allegation is inadequate to sustain a

negligent misrepresentation claim.[2] *See Birt v. Wells Fargo Home*

*Mortg., Inc.*, 75 P.3d 640, 658 (Wyo. 2003) (explaining that "the

extension of negligent misrepresentation to situations involving

future intentions would endow every breach of contract with a

potential tort claim for negligent promise") (internal quotation

marks omitted); *Wilkinson v. Shoney's, Inc.*, 4 P.3d 1149, 1167

(Kan. 2000) (stating that "the tort of negligent

misrepresentation . . . does not, by its terms, apply to

misrepresentation of an intention to perform an agreement")

(quotation marks and citation omitted).

Even if the Buyers had stated a viable negligent

misrepresentation claim, the gist of the action doctrine would

bar Count III.

"[T]he gist of the action doctrine bars plaintiffs from

---

[2]   In their opposition, the Buyers point to their allegation
that the Sellers misrepresented their "ability" to transfer
marketable title.  That clarification is unpersuasive to the
extent the complaint lacks an allegation that the Sellers
promised the Buyers to deliver marketable title *and* intended not
to follow through on that promise. *Cf. Kinsey v. Preeson*, 746
P.2d 542, 551 (Colo. 1987) ("A promise concerning a future act,
*when coupled with a present intention not to fulfill the promise*,
can be a misrepresentation which is actionable as fraud.")
(emphasis supplied); *Deerfield Communications Corp. v.*
*Chesebrough-Ponds, Inc.*, 502 N.E.2d 1003, 1004 (N.Y. 1986) ("[A]
promise made with a preconceived and undisclosed intention of not
performing it, constitutes a misrepresentation.") (other
alterations, quotation marks and citation omitted).

Addie, et al. v. Kjaer, et al.
Civil No. 2004-135
Memorandum Opinion
Page 8

bringing a tort claim that merely replicates a claim for breach of an underlying contract." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 680 (3d Cir. 2002) (applying Pennsylvania law; quotation marks and citation omitted).[3]  The doctrine bars tort claims:

> (1) arising solely from a contract between the parties;
> (2) where the duties allegedly breached were created
> and grounded in the contract itself; (3) where
> liability stems from a contract; or (4) where the tort
> claim essentially duplicates a breach of contact claim
> or the success of which is wholly dependent on the
> terms of a contract.

*eToll, Inc. v. Elias/Savion Adver., Inc.*, 811 A.2d 10, 19 (Pa. Super. Ct. 2002) (internal citations omitted), *cited with approval in Toledo Mack Sales & Serv. v. Mack Trucks, Inc.*, 530 F.3d 204, 229 (3d Cir. 2008).

The allegations in Count III are set out above.  In Count II's breach of contract claim, the Buyers allege that: the Sellers breached the land contracts by failing to deliver marketable title; the Sellers knew or should have known that they could not do so; and the Sellers' failure to do so caused the Buyers financial harm.  The Sellers seek recovery of $1.5 million in escrow funds.

---

[3]  Neither the Supreme Court of the Virgin Islands nor the Superior Court of the Virgin Islands has expressly adopted the gist of the action doctrine.  However, this Court has previously predicted that, given its favorable treatment by the United States Court of Appeals for the Third Circuit, Virgin Islands courts would adopt the doctrine. *See Charleswell*, 308 F. Supp. 2d at 566-67.

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 9

Count III, although labeled as a negligent misrepresentation claim, could be construed as an inducement claim. Breach of contract and inducement-type tort claims are not necessarily duplicative of each other. *See*, *e.g.*, *Padalino v. Std. Fire Ins. Co.*, Civ. No. 08-01553, 2008 U.S. Dist. LEXIS 82068, at *29 (E.D. Pa. Oct. 15, 2008) (citations omitted); *Air Prods. & Chems., Inc. v. Eaton Metal Prods. Co.*, 256 F. Supp. 2d 329, 341 (E.D. Pa. 2003) ("The distinction between fraud in the inducement and fraud in the performance claims with regard to the gist of the action doctrine is crucial."). The reason is that inducement torts are "generally collateral to (i.e. not 'interwoven' with) the terms of the contract itself." *etoll*, 811 A.2d at 17 (citation omitted). Such torts "are much more likely to present cases in which a social policy against the fraud, external to the contractual obligations of the parties, exists." *Air Prods. & Chems*, 256 F. Supp. 2d at 341 (citations omitted).

On the other hand, "promises made to induce a party to enter into a contract *that eventually become part of the contract* itself cannot be the basis for a fraud-in-the inducement claim under the gist of the action doctrine." *Freedom Props., L.P. v. Lansdale Warehouse Co.*, Civ. No. 06-5469, 2007 U.S. Dist. LEXIS 57116, at *17 (E.D. Pa. Aug. 3, 2007) (emphasis supplied; citations omitted); *see also Bryan's Quality Plus, LLC v. Shaffer Builders, Inc.*, Civ. No. 07-2311, 2008 U.S. Dist. LEXIS 61713, at

Addie, et al. v. Kjaer, et al.
Civil No. 2004-135
Memorandum Opinion
Page 10

*11 (E.D. Pa. Aug. 12, 2008) ("Where the fraudulent misrepresentations ripen into contractual duties, the gist of the action doctrine will apply.") (internal quotation marks and citations omitted); Owen J. Roberts Sch. Dist. v. HTE, Inc., Civ. No. 02-7830, 2003 U.S. Dist. LEXIS 2997, at *10 (E.D. Pa. Feb. 28, 2003) (concluding that a fraud claim is barred "if the fraudulent statement became the basis for a contractual duty").

Here, the Buyers allege that they were induced to enter into a contract with the Sellers by the Sellers' pre-contract representation that they could deliver marketable title at closing. Importantly, that representation was later written into the parties' contract and therefore became a contractual duty of the Sellers. Indeed, the Buyers allege as much in their complaint:

> Paragraph 6 of the Contracts of Sale provides in pertinent part:
>
> > 6. TITLE: At closing, Seller shall convey a Clear and Marketable title . . . for the Real Property to the Buyer.
>
> . . . .
>
> The Contracts of Sale provide that the Sellers shall convey Clear and Marketable title to the Island and Nazareth Property.

(Compl. ¶¶ 10, 28.)

Under these circumstances, the Buyers' negligent misrepresentation claim is barred by the gist of the action

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 11

doctrine.[4] *See*, *e.g.*, *Freedom Props.*, 2007 U.S. Dist. LEXIS
57116, at *13-18 (dismissing the defendants' fraudulent
inducement and negligent misrepresentation counterclaims where
the plaintiff's promise to the defendants was incorporated into
the parties' subsequent contract); *Tier1 Innovation, LLC v.
Expert Tech. Group, LP*, Civ. No. 06-04622, 2007 U.S. Dist. LEXIS
34135, at *12 (E.D. Pa. May 9, 2007) (dismissing fraud and
negligent misrepresentation counterclaims because representations
about the plaintiff's ability to perform its contractual duties
were "inextricably intertwined" with the plaintiff's failure to
perform under the contract); *Galdieri v. Monsanto Co.*, 245 F.
Supp. 2d 636, 650 (E.D. Pa. 2002) (concluding that the
plaintiffs' claim that they were fraudulently induced to enter
into employment agreements where the defendant did not develop an
incentive compensation plan as promised, was barred because the
defendant had agreed in the parties' contract to develop the
plan); *Werner Kammann Maschinenfabrik, GmbH v. Max Levy*

---

[4] Courts are sometimes reluctant to apply the gist of the
action doctrine at the Rule 12(b)(6) stage. *See Weber Display &
Packaging v. Providence Wash. Ins. Co.*, Civ. No. 02-7792, 2003
U.S. Dist. LEXIS 2187, at *12 (E.D. Pa. Feb. 10, 2003) (noting
that "courts have cautioned against" applying the doctrine at the
motion to dismiss stage). That reluctance subsides where, as
here, it is obvious that a misrepresentation claim is duplicative
of a breach of contract claim. *See*, *e.g.*, *KSM Assocs. v. ACS
State Healthcare, LLC*, Civ. No. 05-4118, 2006 U.S. Dist. LEXIS
14261, at *7-12 (E.D. Pa. Mar. 30, 2006); *Caudill Seed &
Warehouse Co. v. Prophet 21, Inc.*, 123 F. Supp. 2d 826, 833-34
(E.D. Pa. 2000).

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 12

*Autograph, Inc.*, Civ. No. 01-1083, 2002 U.S. Dist. LEXIS 1460, at

*20 (E.D. Pa. Jan. 31, 2002) (dismissing a fraudulent

misrepresentation claim where the duty breached was "created and

grounded in the contract itself").[5]

## IV. CONCLUSION

For the reasons given above, the motion to dismiss Count III

---

[5]  Although not mentioned by either party, the economic loss doctrine also militates in favor of Count III's dismissal. That doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 671 (3d Cir. 2002). "The general rule is that economic losses may not be recovered in tort (negligence) absent physical injury or property damage." *Spivack v. Berks Ridge Corp.*, Inc., 586 A.2d 402, 405 (Pa. Super. Ct. 1990).  The doctrine "is designed to maintain the separate spheres of the law of contract and tort." *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 620 (3d Cir. 1995) (alteration, quotation marks and citation omitted).

Here, the Buyers seek only money in Count III.  Importantly, they also claim an entitlement to that money by virtue of their contract with the Sellers.  Furthermore, the Buyers do not allege any physical injury or property damage in Count III.  Under these circumstances, their negligent misrepresentation claim is also barred by the economic loss doctrine. *See, e.g., N.C. Mut. Life Ins. Co. v. McKinley Fin. Serv., Inc.*, 386 F. Supp. 2d 648, 665 (M.D.N.C. 2005) (dismissing a negligent misrepresentation claim because it related to the performance of the contract) (applying Florida law); *Reilly Foam Corp. v. Rubbermaid Corp.*, 206 F. Supp. 2d 643, 658 (E.D. Pa. 2002) (dismissing a negligent misrepresentation claim because "the economic loss doctrine bars [such] claims"); *Hults v. Allstate Septic Sys.*, Civ. No. 06-0541, 2007 U.S. Dist. LEXIS 56728, at *28 (M.D. Pa. Aug. 3, 2007) ("Because the plaintiffs have alleged only economic losses arising out of its agreement with [the defendant] and have not alleged any physical injury or property damage, the plaintiffs' claim of professional negligence is barred by the economic loss doctrine.").

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 13

of the complaint will be granted.  An appropriate order follows.


S_____
    **CURTIS V. GÓMEZ**
      **Chief Judge**