FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

```
ROBERT ADDIE, JORGE PEREZ and  )
JASON TAYLOR,                   )
                                )
            Plaintiffs,         )
                                )   Civil No. 2004-135
     v.                         )
                                )
CHRISTIAN KJAER, HELLE          )
BUNDGAARD, STEEN BUNDGAARD,     )
JOHN KNUD FÜRST, KIM FÜRST,     )
NINA FÜRST, and KEVIN F.        )
D'AMOUR,                        )
                                )
            Defendants.         )
_____)
```

**ATTORNEYS:**

**Gregory H. Hodges, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiffs.*

**Carol G. Hurst, Esq.**
St. Thomas, U.S.V.I.
    *For defendants Christian Kjaer, Helle Bundgaard, Steen Bundgaard, John Knud Fürst, Kim Fürst, and Nina Fürst.*

**Gordon C. Rhea, Esq.**
Mt. Pleasant, S.C.
    *For defendants Christian Kjaer, Helle Bundgaard, Steen Bundgaard, John Knud Fürst, Kim Fürst, and Nina Fürst.*

**Maria T. Hodge, Esq.**
St. Thomas, U.S.V.I.
    *For defendant Kevin F. D'Amour.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

During the course of the trial of the above-captioned matter, the parties requested that the jury be instructed that fraud must be proven by clear and convincing evidence. The Court

denied that request. This opinion explains that ruling.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2004, Robert Addie, Jorge Perez and Jason Taylor (together, the "Buyers") agreed to purchase two parcels of land from defendants Christian Kjaer; Helle Bundegaard; Steen Bundegaard; John Knud Furst; Kim Furst; and Nina Furst (together, the "Sellers"): Great St. James Island, St. Thomas, U.S. Virgin Islands and Parcel No. 11 Estate Nazareth, No. 1 Red Hook Quarter, St. Thomas, U.S. Virgin Islands. The Buyers also agreed to pay $1.5 million into an escrow account managed by Premier Title Company, Inc., formerly known as First American Title Company, Inc.[1] At all times relevant, defendant Kevin D'Amour was Premier's president and sole shareholder. D'Amour also acted as counsel to the Sellers. Neither parcel of land was conveyed as the parties contemplated. The escrow money was not returned. This action ensued.

The Buyers asserted a breach of contract claim and an unjust enrichment claim against the Sellers. The Buyers also asserted a conversion claim and a fraud claim against D'Amour.[2] The Sellers

---

[1] Premier is a former defendant in this matter. The Buyers settled their claims against Premier. Premier has been dismissed.

[2] Other claims the Buyers asserted were disposed of at the motion to dismiss and summary judgment stages of these proceedings.

asserted counterclaims against the Buyers for breach of contract and fraud.

The two-stage trial of this matter began on June 22, 2009. All testimony in the first stage was heard by June 26, 2009. On that day, the Court held a charging conference during which the parties expressed differing views on the burden of proof governing fraud claims in the Virgin Islands. D'Amour argued in favor of a clear and convincing evidence standard[3] while the Buyers supported a preponderance of the evidence standard. The Court directed the parties to brief the issue. In his brief, D'Amour, relying on the case law of both this jurisdiction and others, reiterated his subscription to a clear and convincing evidence standard. The Buyers asserted that Virgin Islands law commands the application of a preponderance of the evidence standard but seemed to concede that the majority rule in the United States is that fraud must be proved by clear and convincing evidence.

On June 29, 2009, before the Court charged the jury and before closing arguments, the Court again heard from the parties regarding the burden of proof for fraud. The parties appeared to concur that the majority rule sponsors a clear and convincing

---

[3] The defendants also raised this argument during their motion for judgment as a matter of law at the close of the Buyers' case-in-chief.

evidence standard for fraud and that that standard should apply here. Notwithstanding the parties' apparent accord on this point, the Court concluded that Virgin Islands law requires that fraud be proved by a preponderance of the evidence and so instructed the jury.

## II. <u>ANALYSIS</u>

This Court's jurisdiction is based on the diversity-of-citizenship of the parties. *See* 28 U.S.C. § 1332; 48 U.S.C. § 1612(a). As such, the Court is obligated to apply the substantive law of the Virgin Islands. *See Lafferty v. Gito St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007) ("[A] federal court must apply the substantive laws of its forum state in diversity actions." (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)); *Marino v. Indus. Crating Co.*, 358 F.3d 241, 243 n.2 (3d Cir. 2004).

It is well established that the burden of proof is a matter of substance as opposed to procedure. *See Palmer v. Hoffman*, 318 U.S. 109, 117 (1943); *Hatco Corp. v. W.R. Grace & Co.*, 59 F.3d 400, 406 (3d Cir. 1995) ("In diversity cases, the burden of proof is a matter of substantive law[.]" (citing *Blair v. Manhattan Life Ins. Co.*, 692 F.2d 296, 299 (3d Cir. 1982)); *In re Decker*, 595 F.2d 185, 189 n.4 (3d Cir. 1979) ("[B]urden of proof has been held to be substantive rather than procedural." (quotation marks and citations omitted)); *De Marines v. KLM Royal Dutch Airlines*,

580 F.2d 1193, 1200 (3d Cir. 1978) (The question of which party bears the burden of proof in a diversity case ordinarily is a matter of substantive law . . ., and so is governed by state law." (citations omitted)). As a consequence, in this matter the Court was required to determine the applicable burden of proof for fraud in accordance with Virgin Islands law to the extent it addresses the relevant substantive issues in this case.

Title 5 of the Virgin Islands Code is labeled "Judicial Procedure." It sets forth various rules governing proceedings in the local courts of the Virgin Islands. In particular, Title 5, Section 740 stipulates that "[t]he jury, subject to the control of the court in the cases specified in this title, are the judges of the effect and value of evidence addressed to them[.]" V.I. CODE ANN. tit. 5, § 740. That section further explains that the jury is "to be instructed by the court on all proper occasions that . . . [i]n civil cases the affirmative of the issue shall be proved, and when the evidence is contradictory *the finding shall be according to the preponderance of evidence*[.]" *Id.* § 740(5) (emphasis supplied).

§ 740(5) speaks in no uncertain terms: all civil claims brought under Virgin Islands law are governed by a preponderance of the evidence standard. That standard governs all such claims in the Superior Court of the Virgin Islands. This Court, sitting in diversity, is also obligated to apply that standard to civil

fraud claims unless there is some exception or contrary provision for such claims. The Court has undertaken an exhaustive search of Virgin Islands law. The Virgin Islands Code provides no such exception or special provision for fraud claims. Accordingly, common law fraud claims in the Virgin Islands are subject to a preponderance of the evidence standard. *Cf. Wynfield Inns v. Edward Leroux Group, Inc.*, 896 F.2d 483, 491 (11th Cir. 1990) (holding that fraud in a diversity suit in federal court in Florida must be proved by a preponderance of the evidence because of pronouncements to that effect by the Supreme Court of Florida); *Beardshall v. Minuteman Press International, Inc.*, 664 F.2d 23, 26 (3d Cir. 1981) (explaining that because of the Supreme Court of Pennsylvania's holding that fraud must be proved by a higher standard than by a preponderance of the evidence, that higher standard governs fraud claims in diversity suits in federal court in Pennsylvania).

In their submissions to the Court, the parties pointed to various Virgin Islands cases suggesting that fraud is governed by a clear and convincing evidence standard. *See*, *e.g.*, *Matheson v. V.I. Cmty. Bank, Corp.*, 297 F. Supp. 2d 819, 833 (D.V.I. 2003) (noting that because "derivative liability is akin to fraud, it must be shown by clear and convincing evidence" (citation omitted)); *Colon v. Gremer Dev. Co.*, 28 V.I. 83, 87 (V.I. Terr. Ct. 1993) ("The Plaintiff has the burden of proof to establish

the fraud by clear and convincing evidence." (citation omitted)). Those cases are not dispositive here. The discussion in *Matheson* centered on derivative liability and its statement on the burden of proof for fraud was made in dictum. *Colon* required a plaintiff to prove by clear and convincing evidence that a contract was voidable based on a fraudulent misrepresentation.

Importantly, *Matheson* and *Colon* make no mention of Title 5, Section 740 of the Virgin Islands Code. They also do not specifically address the question squarely before this Court: the burden of proof governing common law fraud claims under Virgin Islands law. The Virgin Islands Legislature has unequivocally answered that question by enacting a statute mandating that all civil claims, including fraud, be proved by a preponderance of the evidence.[4] In accordance with that mandate, the Court

---

[4] *American Home Assurance Co. v. Sunshine Supermarket, Inc.*, 753 F.2d 321 (3d Cir. 1985), is not to the contrary. In that case, the American Home Assurance Company brought a declaratory judgment action in this Court for a declaration that it was not liable under an insurance policy issued to Sunshine Supermarket, Inc. American Home alleged, among other things, that Sunshine employees had wilfully made materially false statements during American Home's investigation of a fire and that Sunshine fraudulently exaggerated its proof of loss claim. A jury returned a verdict for Sunshine. On appeal, American Home argued that the district court erred in striking its defense, based on insufficient evidence, that the policy was voided by Sunshine employees' materially false statements to American Home. Before addressing American Home's contentions, the Third Circuit focused on the proper standard for determining the sufficiency of the evidence to maintain such a defense under Virgin Islands law. The court found "[n]o Virgin Islands law or restatement provision . . . concerning the sufficiency of the evidence necessary to

applied that standard. Because Virgin Islands law supplies such a mandate, a determination of the majority rule in the United States, as any party may have urged, is both unnecessary and inappropriate. Indeed, this Court, sitting in diversity, cannot subvert local substantive law because a different rule may exist elsewhere.

                                              S\_____
                                              **CURTIS V. GÓMEZ**
                                                **Chief Judge**

---

make out a case of fraud or false swearing by the insured." *Id.* at 327-38. Canvassing other jurisdictions, the court concluded that the majority rule is that fraud or false swearing in insurance cases must be proved by clear and convincing evidence.

     The Third Circuit's conclusion in *American Home* does not inform an analysis of the burden of proof governing the fraud claims asserted in this matter. First, *American Home*, like *Matheson and Colon*, does not mention Title 5, Section 740 of the Virgin Islands Code. Second, the majority rule on which the Third Circuit settled is the majority rule in insurance fraud cases, not common law fraud, as alleged here.