FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| ROBERT ADDIE, JORGE PEREZ and JASON TAYLOR,<br><br>      Plaintiffs,<br><br>    v.<br><br>CHRISTIAN KJAER, HELLE BUNDGAARD, STEEN BUNDGAARD, JOHN KNUD FÜRST, KIM FÜRST, NINA FÜRST, and KEVIN F. D'AMOUR,<br><br>      Defendants. | Civil No. 2004-135 |

**ATTORNEYS:**

**Gregory H. Hodges, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiffs.*

**Carol G. Hurst, Esq.**
St. Thomas, U.S.V.I.
    *For defendants Christian Kjaer, Helle Bundgaard, Steen Bundgaard, John Knud Fürst, Kim Fürst, and Nina Fürst.*

**Gordon C. Rhea, Esq.**
Mt. Pleasant, S.C.
    *For defendants Christian Kjaer, Helle Bundgaard, Steen Bundgaard, John Knud Fürst, Kim Fürst, and Nina Fürst.*

**Maria T. Hodge, Esq.**
St. Thomas, U.S.V.I.
    *For defendant Kevin F. D'Amour.*

## JUDGMENT

**GÓMEZ, C.J.**

This matter is before the Court for entry of judgment following a trial by jury and for a determination of an appropriate award, if any, of prejudgment interest.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Because the Court writes exclusively for the parties, whose familiarity with these proceedings is presumed, only a brief recitation of the factual and procedural background is required.

This matter was tried to a jury in two stages from June 22, 2009 to July 2, 2009. The first stage dealt with liability, the second with damages. The plaintiffs, Robert Addie, Jorge Perez and Jason Taylor (together, the "Buyers"), asserted claims for breach of contract and unjust enrichment against defendants Christian Kjaer; Helle Bundegaard; Steen Bundegaard; John Knud Furst; Kim Furst; and Nina Furst (together, the "Sellers"). The Buyers also asserted claims for fraud and conversion against defendant Kevin D'Amour. The Sellers asserted counterclaims for breach of contract and fraud against the Buyers.

Before trial, the Court awarded the Buyers partial summary judgment in the amount of $500,000 on their conversion claim against D'Amour.

During the first stage of trial, the jury found the Sellers liable on the Buyers' breach of contract and unjust enrichment claims. The jury also found D'Amour liable for fraud and not liable for conversion. The jury found Addie and Perez liable for breach and contract and fraud and Taylor not liable for either of those claims.

During the second stage, the jury awarded Taylor $1,546,000

on his breach of contract claim against the Sellers and $46,000 on his fraud claim against D'Amour. The jury also awarded the Sellers $339,516.76 on their fraud claim against Addie and Perez.

After the trial, the Court ordered the parties to brief the following issues: (1) the availability of prejudgment interest on any claim on which a party prevailed at trial; and (2) the start date for computing prejudgment interest on a claim, assuming the availability of prejudgment interest on that claim. The parties have timely complied with that order.

On August 11, 2009, the Court heard argument from the parties on these issues, among others, and now enters judgment.

## II. **DISCUSSION**

In the Virgin Islands, an award of prejudgment interest is permitted on "all monies which have become due." V.I. Code Ann. tit. 11, § 951(a)(1). "Award is authorized . . . only where the amount due is in money and therefore easily ascertainable." *Antilles Ins. v. James*, 30 V.I. 230, 256 (D.V.I. 1994) (internal quotation marks and citation omitted). While the date that payment becomes due is often disputed, the court has discretion to award prejudgment interest to avoid injustice. Restatement (Second) of Torts § 913(1)(b) (1965).

The Third Circuit has explained the considerations that should guide a district court in exercising its discretion to award prejudgment interest:

> [A]s a general rule, prejudgment interest is to be awarded when the amount of the underlying liability is reasonably capable of ascertainment and the relief granted would otherwise fall short of making the claimant whole because he or she has been denied the use of the money which was legally due. Awarding prejudgment interest is intended to serve at least two purposes: to compensate prevailing parties for the true costs of money damages incurred, and, where liability and the amount of damages are fairly certain, to promote settlement and deter attempts to benefit from the inherent delays of litigation. Thus prejudgment interest should ordinarily be granted unless exceptional or unusual circumstances exist making the award of interest inequitable.

*Skretvedt v. E.I. Dupont de Nemours*, 372 F.3d 193, 208 (3d Cir. 2004) (quotation marks and citation omitted); *see also Booker v. Taylor Milk Co.*, 64 F.3d 860, 868 (3d Cir. 1995) ("To fulfill this make-whole purpose, prejudgment interest should be given in response to considerations of fairness and denied when its exaction would be inequitable." (internal quotation marks and citation omitted)).

### III. <u>ANALYSIS</u>

The jury awarded damages on three claims: Taylor's breach of contract claim against the Sellers; Taylor's fraud claim against D'Amour; and the Sellers' fraud claim against Addie and Perez. The Court will address each claim in turn.

**A. Breach of Contract**

Taylor was awarded $1,546,000 on his breach of contract claim against the Sellers.

Notwithstanding the jury's award, the Court may, in the

exercise of its discretion, use its remittitur power to reduce that award. *See Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 354 (3d Cir. 2001). A trial court, in excersing such power, must "evaluate the evidence presented and determine whether or not the jury has come to a rationally based conclusion." *Spence v. Bd. of Educ. of the Christina Sch. Dist.*, 806 F.2d 1198, 1201 (3d Cir. 1986); *see also Evans*, 273 F.3d at 354 ("[T]he issue to be decided here 'is not the size of the award alone, but the evidence supporting the award.'" (quoting *Blakey v. Continental Airlines, Inc.*, 992 F. Supp. 731, 737 (D.N.J. 1998)). In other words, "[a] remittitur is in order when a trial judge concludes that a jury verdict is 'clearly unsupported' by the evidence and exceeds the amount needed to make the plaintiff whole[.]" *Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089, 1100 (3d Cir. 1995) (citations omitted); *see also Brunnemann v. Terra Int'l, Inc.*, 975 F.2d 175, 178 (5th Cir. 1992) (explaining that a remittitur may be granted if a jury's award is "excessive or so large as to appear contrary to right reason"). A trial court may order remittitur *sua sponte*. *See Vadie v. Miss. State Univ.*, 218 F.3d 365, 378 (5th Cir. 2000) ("Although we note that MSU did not ask for remittitur when it sought judgment as a matter of law or, in the alternative, a new trial after the jury rendered its verdict, it would have been within the district court's discretion to *sua sponte* suggest remittitur."); *Cook v. Ross*

*Island Sand & Gravel Co.*, 626 F.2d 746, 747 (9th Cir. 1980) (affirming the district court's judgment where it "issued sua sponte an order of remittitur").

Here, the uncontroverted evidence at trial establishes that the Buyers deposited $1,500,000 into an escrow account in compliance with the parties' escrow agreement. Indeed, the escrow agreement, which was admitted into evidence at trial, clearly states that the Buyers were obligated to make that deposit in two installments: one for $1,000,000 and another for $500,000. Given the Sellers' breach, the appropriate amount of restitution damages necessary and payable to restore the Buyers to their original position is $1,500,000. *See* Restatement (Second) of Contracts § 344 (1981) (explaining that a party asserting a breach of contract claim may seek to protect his "'restitution interest,' which is his interest in having restored to him any benefit that he has conferred on the other party"); *id.* § 345 (noting that a court making a restitution award may "award[] a sum of money to prevent unjust enrichment"); *see also Atacs Corp. v. Trans World Communs.*, 155 F.3d 659, 669 (3d Cir. 1998) ("[R]estitution damages will require the party in breach to disgorge the benefit received by returning it to the party who conferred it." (citation omitted)).

To the extent the jury awarded any amount above $1,500,000, such an amount is clearly excessive and wholly unsupported by the

evidence. Under these circumstances, the Court finds that remittitur is appropriate. *See Brunnemann*, 975 F.2d at 178 ("A verdict is excessive as a matter of law if shown to exceed 'any rational appraisal or estimate of the damages that could be based upon the evidence before the jury.'" (quotation omitted)), *cited in Starceski*, 54 F.3d at 1101. Accordingly, the Court will enter judgment on Taylor's breach of contract for $1,500,000.

With respect to prejudgment interest, the Buyers argue that prejudgment interest is available because "[t]he amount awarded was based on the number fixed in the parties' contract . . . and that amount was payable in money and easily ascertainable at the time of the breach." (Pls.' Submission Prejudgment Interest 3) (footnote omitted). The Buyers also contend that the start date for computing prejudgment interest is September 22, 2004, the date on which they notified the Sellers of their breach and demanded the return of the escrow funds.

For their part, the Sellers articulate a raft of reasons why prejudgment interest should not be awarded on the breach of contract claim. First, they submit that the jury's determination that both the Buyers and they breached the parties' contracts precludes a prejudgment interest award. (*See* Sellers' Br. Prejudgment Interest) ("The competing findings by the jury makes this case an exception to the general rule that a prevailing party in a breach of contract case can get prejudgment

interest."). That submission suffers for want of legal authority.[1]

By spotlighting the jury's determination that Addie and Perez breached the parties' contracts while Taylor did not, the Sellers restate an argument they advanced during trial. They assert that the verdict form submitted to the jury should have asked for collective as opposed to individual determinations of liability. The Court was unconvinced by that argument at trial and remains unconvinced now.

The Sellers also reject the availability of prejudgment interest on the ground that the parties' contracts "do not have a provision that requires or even discusses placing the escrowed funds in an interest bearing account." (Sellers' Br. Prejudgment

---

[1] Later in their brief, the Sellers offer *District Concrete Co. v. Bernstein Concrete Corp.*, 418 A.2d 1030 (D.C. 1980), for support. In that case, the District of Columbia Court of Appeals affirmed the trial court's decision not to award prejudgment interest under District of Columbia law. The appellant argued that it was entitled to such on its counterclaim of payment for concrete delivered. The Court of Appeals disagreed, explaining that the contract authorized the appellee to deduct the amount of any claim that the appellant was owed. The court reasoned that, "implicit in [the trial judge's award to the appellee of damages on its breach of contract claim] is the conclusion that withholding payment under the contract was justified, and that [the appellee] was not in breach of the contract." *Id.* at 1038. Thus, the court concluded that "the value of the supplied concrete was not a liquidated debt 'due and payable' until the contract litigation was concluded." *Id.* (citation omitted).

*Bernstein* is wholly inapposite, as the facts and reasoning of that case manifestly have no bearing here.

Interest 6.) In their view, "[w]here money is in a non interest bearing account the court does not abuse its discretion when it denies prejudgment interest." (*Id.*) (citations omitted). That view is legally unsupportable. The availability of prejudgment interest is governed by a Virgin Islands statute. That statute makes no mention of bank accounts, interest-bearing or otherwise.

Here, the amount due Taylor for the breach of contract claim is both easily ascertainable and undisputed by the parties. That amount is $1,500,000, the amount he paid into the escrow account. Based on the evidence adduced at trial, the Court finds that an appropriate start date for the computation of prejudgment interest is September 22, 2004, the date on which the Buyers notified the Sellers of their breach. *See Myheal Techs. v. Fonar Corp.*, No. 95-7779, 1996 U.S. App. LEXIS 2912, at *6-7 (2d Cir. Feb. 20, 1996) (unpublished) (finding that the district court settled on a "reasonable date for the breach" after a jury found that a breach had occurred); *West v. Meyer*, No. 95-1050, 1995 U.S. App. LEXIS 30952, at *4 (10th Cir. Oct. 27, 1995) (unpublished) (remanding a case to the district court for a determination of the date of the breach after a jury found the defendant liable for breach of contract); *Metromont Materials Corp. v. R.B.R. & S.T.*, 463 S.E.2d 305, 307 (N.C. Ct. App. 1995) ("The trial court did not err by determining the date of breach, particularly where neither party sought to have the issue

determined by the jury."), *review denied*, 342 N.C. 895 (N.C. 1996).

Furthermore, in the Court's view, the equities in this matter weigh heavily in favor of awarding prejudgment interest. The Sellers' breach of the parties' contract occurred some five years ago. Taylor has not had use of his money during that entire half-decade interval. *See Bituminous Constr., Inc. v. Rucker Enterprises, Inc.*, 816 F.2d 965, 969 (4th Cir. 1987); *Atlin v. Security-Connecticut Life Ins. Co.*, 788 F.2d 139, 141 (3d Cir. 1986) (explaining "the theory that [prejudgment] interest represents compensation for the loss of use of the [plaintiff's] money"); *Pennsylvania, Dep't of Public Welfare v. United States*, 781 F.2d 334, 342 (3d Cir. 1986) ("The general rule is that when the damages resulting from a breach of contract are ascertainable with mathematical precision, prejudgment interest is awardable as of right." (quoting *Eazor Express, Inc. v. International Brotherhood of Teamsters*, 520 F.2d 951, 973 (3d Cir. 1975)).

Accordingly, the Court will enter judgment on Taylor's breach of contract claim for $1,500,000 and award Taylor prejudgment interest on that amount from September 22, 2004 until the date of entry of judgment.

**B.     Fraud**

The jury awarded Taylor $46,000 on his fraud claim against

D'Amour. The jury also awarded the Sellers $339,516.76 on their fraud claim against Addie and Perez.

In their briefs, the parties agree that prejudgment interest on their respective fraud claims is not appropriate. (*See* Pls.' Submission Regarding Prejudgment Interest 8) ("Applying these principles to the fraud verdicts in this case yields the conclusion that prejudgment interest should not be awarded as to them.") (emphasis omitted); (Def. D'Amour's Br. Prejudgment Interest 5) ("This Court should not award prejudgment interest on the . . . fraud claim award against D'Amour."); (Defs. Sellers' Br. Prejudgment Interest 6) ("Sellers join and adopt D'Amour's brief on prejudgment interest on fraud damages filed on even date which clearly outlines why this portion of the award is also not subject to prejudgment interest."). At oral argument, the parties reiterated that position.

In the Court's view, prejudgment interest on the fraud claims is not appropriate under the circumstances presented here. *See Bookworm, Inc. v. Tirado*, 44 V.I. 300, 305 (V.I. Terr. Ct. 2002) (stating that the Virgin Islands' prejudgment interest statute "is not a proper mechanism for seeking prejudgment interest arising from a non-contractual tort"). The amounts due are not easily ascertainable, and the start date for the computation of prejudgment interest is not readily determinable. Furthermore, the Court does not find that the equities support

such an award under the circumstances presented here. *See*, *e.g.*, *SEC v. Sargent*, 329 F.3d 34, 40 (1st Cir. 2003) ("In this case, the balance of the equities . . . counsels against awarding prejudgment interest.").

Accordingly, the Court will enter judgment on the fraud claims in the amounts awarded by the jury but declines to award prejudgment interest on those claims.

**C.   Conversion**

Before trial, on February 23, 2009, the Court entered partial summary judgment for the Buyers in the amount of $500,000 for their conversion claim against D'Amour. At oral argument, counsel for the Buyers suggested that Addie and Perez would forgo their right to recover on the conversion claim, leaving any award on that claim to Taylor alone. After oral argument, the Buyers filed a "Notice of Renunciation of Interest in Order and Regarding Claim of Interest," in which they stated as follows:

> Addie and Perez renounce any interest they have in this Court's order dated February 23, 2009 . . . (the "Order") so that Taylor alone possesses all of the rights of the Buyers under the Order.
>
> Taylor renounces any claim to pre-judgment interest on the award set forth in the Order provided he recovers pre-judgment interest on the $1,500,000 of the $1,546,000 awarded by the jury[.]"

Given Addie's and Perez's renunciation of their right to the $500,000 conversion award, Taylor alone is entitled to that award. Accordingly, the Court will enter judgment for Taylor on

his conversion claim in the amount of $500,000. *See Chase Manhattan Bank, N.A. v. Power Prods.*, 27 V.I. 126, 128-30 (V.I. Terr. Ct. 1992); *see also Amarillo Nat'l Bank v. Komatsu Zenoah Am., Inc.*, 991 F.2d 273, 278 (5th Cir. 1993) ("Conversion damages are the value of the converted property on the date of conversion . . . ." (quotation marks and citation omitted)). In light of Taylor's renunciation of his request for prejudgment interest on the conversion award and the Court's award of prejudgment interest on Taylor's breach of contract claim, the Court finds that the equities disfavor an award of prejudgment interest on the conversion claim.

**D. Unjust enrichment**

During the liability stage of trial, the jury found that all of the Sellers had been unjustly enriched. During the damages stage, the Court did not submit the Buyers' unjust enrichment claim to the jury and informed the parties that the Court would determine the amount of damages, if any, to award for that claim. After the trial, the Court ordered the parties to submit proposed findings of fact and conclusions of law on the Buyers' unjust enrichment claim. Both the Buyers and the Sellers have timely complied with that order.

"Unjust enrichment is an equitable remedy." *In re Estate of McConnell*, 42 V.I. 43, 50 (V.I. Terr. Ct. 2000) (citation omitted). "It is typically invoked in quasi-contractual

settings, where the plaintiff seeks to recover for a benefit he conferred unto the defendant under an unconsummated or void contract." *Id.* (citing *Steamfitters Local 420 v. Philip Morris, Inc.*, 171 F.3d 912, 936 (3d Cir. 1999)). Because unjust enrichment is an equitable remedy arising in the quasi-contractual context, it is well settled that unjust enrichment damages are unavailable when a claim rests on the breach of an express contract. *Shaw v. Hyatt Int'l Corp.*, 461 F.3d 899, 902 (7th Cir. 2006) (citation omitted); *see also Mitsubishi Int'l Corp. v. Cardinal Textile Sales*, 14 F.3d 1507, 1518 (11th Cir. 1994) ("It is axiomatic that equitable relief is only available where there is no adequate remedy at law[.]"). Thus, "a valid contract bars a quantum meruit action only where the scope of the contract clearly covers the dispute between the parties." *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005) (other alteration, quotation marks and citations omitted). "The reason for prohibiting a claim of unjust enrichment between contracting parties is to prohibit a party whose expectations were not realized under the contract from nevertheless recovering outside the contract." *Util. Audit, Inc. v. Horace Mann Serv. Corp.*, 383 F.3d 683, 689 (7th Cir. 2004) (citations omitted).

Here, the parties do not dispute that they entered into valid, binding contracts. Indeed, the jury found that the

parties entered into such contracts by indicating in their verdict that Addie and Perez as well as the Sellers breached those contracts. Furthermore, there is no doubt that the Buyers' breach of contract and unjust enrichment claims arise out of precisely the same core of operative facts: the unconsummated sale of land and the misdelivery of associated escrow funds. Under these circumstances, an unjust enrichment award is inappropriate. Accordingly, the Court will award no damages for the Buyers' unjust enrichment claim.

### IV. CONCLUSION

The issues having been tried, and the jury having rendered its verdict, it is hereby

**ORDERED AND ADJUDGED** that the jury's $1,546,000 award on Taylor's breach of contract claim against the Sellers is **REMITTED** to $1,500,000; it is further

**ORDERED AND ADJUDGED** that Taylor is awarded $1,500,000 on his breach of contract claim against the Sellers; it is further

**ORDERED AND ADJUDGED** that Taylor is awarded $500,000 on his conversion claim against D'Amour; it is further

**ORDERED AND ADJUDGED** that Taylor shall be entitled to recover no more than a total of $1,500,000 on his breach of contract and conversion claims combined[2]; it is further

---

[2] Taylor is entitled to a total recovery of $1,500,000, as opposed to $1,500,000 plus $500,000, because of the well-established prohibition against double recovery. *See EEOC v.*

**ORDERED AND ADJUDGED** that Taylor is awarded $46,000 on his fraud claim against D'Amour; it is further

**ORDERED AND ADJUDGED** that the Sellers are awarded $339,516.76 on their fraud claim against Addie and Perez; it is further

**ORDERED AND ADJUDGED** that prejudgment interest on Taylor's $1,500,000 breach of contract award against the Sellers shall accrue at the rate prescribed by V.I. CODE ANN. tit. 11, § 951, from September 22, 2004 until the date of this Judgment; it is further

**ORDERED AND ADJUDGED** that post-judgment interest on all claims on which judgment has been entered shall accrue at the rate prescribed by V.I. CODE ANN. tit. 5, § 426, from the date of this Judgment until the date of payment; and it is further

**ORDERED** that the Clerk of Court shall close this matter.

S\_____
**CURTIS V. GÓMEZ**
**Chief Judge**

---

*Waffle House, Inc.*, 534 U.S. 279, 297 (2002) ("[I]t 'goes without saying that the courts can and should preclude double recovery by an individual.'" (quoting *General Telephone Co. of Northwest v. EEOC*, 446 U.S. 318, 333 (1980)); *see also United States v. Occidental Chem. Corp.*, 200 F.3d 143, 149 (3d Cir. 1999) (noting "the prohibition against double recovery found in the common law"); Restatement (Second) of Judgments § 49 cmt. a (1982) ("Double recovery is foreclosed by the rule that only one satisfaction may be obtained for a loss that is the subject of two or more judgments.").