FOR PUBLICATION

```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS & ST. JOHN

ROBERT ADDIE, JORGE PEREZ and  )
JASON TAYLOR,                  )
                               )
           Plaintiffs,         )
                               )      Civil No. 2004-135
      v.                       )
                               )
CHRISTIAN KJAER, HELLE         )
BUNDGAARD, STEEN BUNDGAARD,    )
JOHN KNUD FÜRST, KIM FÜRST,    )
NINA FÜRST, and KEVIN F.       )
D'AMOUR,                       )
                               )
           Defendants.         )
_____)
```

**ATTORNEYS:**

**Gregory H. Hodges, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiffs.*

**Carol G. Hurst, Esq.**
St. Thomas, U.S.V.I.
    *For defendants Christian Kjaer, Helle Bundgaard, Steen Bundgaard, John Knud Fürst, Kim Fürst, and Nina Fürst.*

**Gordon C. Rhea, Esq.**
Mt. Pleasant, S.C.
    *For defendants Christian Kjaer, Helle Bundgaard, Steen Bundgaard, John Knud Fürst, Kim Fürst, and Nina Fürst.*

**Maria T. Hodge, Esq.**
St. Thomas, U.S.V.I.
    *For defendant Kevin F. D'Amour.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

This matter is before the Court for a written opinion memorializing the Court's ruling on oral motions the parties made during trial.

Because the Court writes exclusively for the parties, whose familiarity with these proceedings is presumed, only a brief recitation of the factual and procedural background is required.

The plaintiffs, Robert Addie, Jorge Perez and Jason Taylor (together, the "Buyers"), asserted claims for breach of contract and unjust enrichment against defendants Christian Kjaer, Helle Bundgaard, Steen Bundgaard, John Knud Fürst, Kim Fürst, and Nina Fürst (together, the "Sellers"). The Buyers also asserted claims for fraud and conversion against defendant Kevin D'Amour. The Sellers asserted counterclaims for breach of contract and fraud against the Buyers.

This matter was tried to a jury in two stages from June 22, 2009 to July 2, 2009. The first stage dealt with liability, the second with damages. During the course of those proceedings, the parties orally moved the Court for relief regarding the presentation of the verdict forms. Without issuing a written ruling at the time, the Court resolved those motions before submitting the verdict forms to the jury. This opinion sets forth the reasoning behind the Court's resolution of those motions.

**A.   Individual Liability**

After all evidence was heard during the liability stage of trial, the Court held a charging conference with the parties. The verdict form the Court proposed to the parties asked the jury

to consider on an individual basis each plaintiff's and each defendant's liability for a particular claim. For instance, with respect to the Sellers' counterclaim for breach of contract, the proposed verdict form asked the jury to determine separately whether Addie, Perez and Taylor were liable. Because the question of each Buyer's liability was posed in a separate interrogatory, the jury could find none, one, two or all of the Buyers liable for breach of contract.

The parties were resistant to the Court's proposed verdict form. Both the Buyers and the Sellers argued that their respective liability on any claim asserted against them as a group should be determined collectively. In other words, in their view, a breach by one is necessarily a breach by all. The Court noted that the Buyers sued the Sellers as separate individuals, not as a collectivity, and vice versa. The parties nevertheless were of a mind that liability should be determined in the aggregate.

In light of the parties' position at the charging conference, the Court invited briefs on this issue. The Court specifically directed the parties to submit relevant legal authority in support of their position. All parties timely filed briefs.

The Buyers submitted a brief, in which they conceded that they had "found no controlling case law on whether multiple

parties composed of individuals necessitates the use of multiple, individual verdict forms." (Pls.' Notice of Filing Proposed Verdict Form 1.) In the absence of such authority, the Buyers based their argument on the proposition that a verdict form should be drafted with clarity in mind. In their view, individualized interrogatories would cause confusion "because the decision that one of the [Buyers] should recover necessarily controls whether other [Buyers] are entitled to recovery." (*Id.*)

The Sellers and D'Amour (together, the "Defendants") submitted a brief.[1] They also did not tell the Court what legal authority informed their position on aggregate liability. Instead, the Defendants simply reiterated that position. They also urged that because the evidence established the existence of a partnership among the Buyers "as a matter of law, the Court should list them as a collective unit on the verdict form." (Defs.' Supp. Notice Joint Comments and Proposed Amendments to Draft Jury Instructions 7-8.)

After reviewing the parties' written submissions but before charging the jury, the Court again discussed the verdict form with the parties and allowed them to place any objections on the record. After hearing from the parties, the Court informed them

---

[1] The Defendants' response to the Court's request for briefs on the verdict form was included in their general objections and proposals with respect to the jury charge.

that the verdict form would ask for individualized assessments of liability. The Court's conclusion in this regard was premised primarily on the fact that the Sellers were sued not as a unified group but rather as individuals. Similarly, the Sellers' counterclaims were asserted against the Buyers solely as individuals. Neither the complaint nor the counterclaim suggests that any claim in this matter was asserted against the Buyers or the Sellers as distinct legal entities requiring collective determinations of liability. In light of the parties' inability to unearth any authority to persuade the Court to take a different tack, the Court determined that individual determinations of liability were appropriate. *See*, *e.g.*, *Doe by & Through G.S. v. Johnson*, 52 F.3d 1448, 1459 (7th Cir. 1995) (finding no error in the jury instructions in a multiple-defendant case where the trial court "specifically informed the jury that each defendant's case must be considered individually" and where "[t]he special verdict form . . . required the jury to return separate findings as to each defendant's liability").

Furthermore, although they did not say so explicitly in their briefs, the parties at various times argued that individualized liability assessments could improperly lead to inconsistent verdicts. After the jury returned a verdict in which it found Addie and Perez liable on the Sellers' breach of contract claim and Taylor not liable on that claim, the parties

restated that view. That view, however, is unpersuasive, as it is axiomatic that the law does not necessarily prohibit inconsistent verdicts in civil cases. *Cf. Mosley v. Wilson*, 102 F.3d 85, 89 (3d Cir. 1996) ("[C]onsistent jury verdicts are not, in themselves, necessary attributes of a valid judgment." (quotation marks and citation omitted)).

> The Third Circuit has outlined four approaches that a district court may take when facing an inconsistent verdict: a court may (1) allow an apparently inconsistent verdict to stand; (2) read the verdict in a manner that will resolve the inconsistencies; (3) resubmit the question to the jury; and finally, (4) if verdicts are genuinely inconsistent and if the evidence might support either of the inconsistent verdicts, the appropriate remedy is ordinarily not simply to accept one verdict and dismiss the other, but to order an entirely new trial.

*Acumed LLC v. Advanced Surgical Servs.*, 561 F.3d 199, 217-18 (3d Cir. 2009) (alteration, footnotes, quotation marks and citation omitted). A court may follow the first approach -- allowing an apparently inconsistent verdict to stand -- "where the verdict appears to be the result of compromise, as opposed to jury confusion." *Montgomery County v. Microvote Corp.*, 320 F.3d 440, 451 n.5 (3d Cir. 2003) (internal quotation marks and citations omitted).

Under the circumstances presented here, the Court finds that the apparent inconsistency between the jury's finding that Addie and Perez breached the parties' contracts and the finding that

Taylor did not breach the same contracts, is the result of compromise rather than confusion.  The Court bases its conclusion, first, on the fact that the jury also found that Addie and Perez were liable for fraud while finding Taylor not liable for fraud.  In other words, the jury evidently found that Addie and Perez exhibited misconduct on a number of fronts while simultaneously finding that Taylor exhibited no such conduct.  Indeed, unlike his co-plaintiffs, Taylor emerged from trial completely unmarred by any liability finding.  Out of this melange, a jury easily could have compromised and concluded that, of the parties, Taylor was the only one who abided by his obligations, was without fault, and was worthy of obtaining restitution.  Second, there is no evidence that the jury was in any way confused in rendering its verdict.  In fact, during its deliberations, while the jury submitted notes to the Court, none of those notes intimated any difficulty with understanding the relevant jury instructions or the verdict form.  If the Court were to presume otherwise, it would essentially intrude on the jury's province by appending its own post hoc rationalization to the jury's verdict.

**B.    Concurrent Conditions**

At the close of the liability stage, the jury found Taylor not liable for either breach of contract or fraud.  Addie and Perez were found liable for both breach of contract and fraud.

The Sellers were all found liable for breach of contract and fraud.

After the jury returned its verdict, the Buyers moved for a directed verdict on the basis of what they termed the concurrent conditions theory. They argued that because the jury had found that both the Sellers as well as Addie and Perez were liable for breach of contract, none of those breaching parties could maintain a breach of contract claim against any other party. Taylor, the Buyers maintained, should not be so precluded, as the jury did not find him liable for breach of contract. The Defendants disagreed with the Buyers' view. The Court did not rule on the Buyers' motion.

The damages stage of trial proceeded as scheduled. After the parties completed their presentations of evidence, the Court held another charging conference with the parties. The Buyers restated their view that no party found liable for breach of contract should be permitted to pursue its claim for breach of contract. The Defendants again argued that damages on all breach of contract claims should be submitted to the jury.

Given the parties' discord, the Court invited briefs. In their brief, the Buyers essentially repackaged the arguments they had already advanced in support of their position, relying on much the same case law as they had previously pointed out to the Court. In their brief, the Sellers acknowledged that a breaching

party "cannot maintain an action against the other for failure to perform." (Defs. Sellers' Br. Damages 4) (quotation marks and citation omitted). They maintained, however, that "[t]o place a vendor of realty under a contract of sale in default for a claimed failure to provide clear title, the purchaser must normally first tender performance himself and demand good title and tender of performance by a purchaser is excused only if the title defect is not curable." (*Id.* at 5.) The Sellers argued that they had in fact made an offer of performance while, in their view, the Buyers undisputedly had failed to do so. According to the Sellers, the Buyers' alleged failure to tender performance meant that the Sellers could not be in default.[2]

The Sellers' position is deficient for at least two reasons. First, it erroneously treats all three Buyers as a one-headed organism. That view, however, turns a blind eye to the jury's determination that the Buyers acted individually and independently of each other. That view also ignores the jury's determination that at least one of the Buyers -- Taylor -- was

---

[2] The Sellers also contended that the concurrent conditions rule supported by the Buyers applies only where neither party has tendered performance. They relied on a provision of the Virgin Islands Code defining tender and asserted that the uncontroverted evidence at trial established that only they had tendered while the Buyers had failed to do so. The Sellers ignored, however, that the verdict that both the Sellers and two Buyers had breached manifested the jury's determination that, as to those breaching parties, there had been a failure to perform under the contract.

without fault.

Second, no provision of Virgin Islands law explains whether a party that breaches a contract may maintain a claim against the other party to the contract. Given that silence, the Court looked to the Restatement.[3] Under the Restatement (Second) of Contracts,

> [w]here all or part of the performances to be exchanged under an exchange of promises are due simultaneously, it is a condition of each party's duties to render such performance that the other party either render or, with manifested present ability to do so, offer performance of his part of the simultaneous exchange.

Restatement (Second) of Contracts § 238 (1981). § 238 includes a useful illustration of the principle it articulates:

> A contracts to sell and B to buy a machine for $10,000, delivery of the machine and payment of the price to be made at a stated place on July 1. On July 1 both parties are present at that place, but A neither delivers nor offers to deliver the machine and B neither pays nor offers to pay the price. *A has no claim against B, and B has no claim against A.*

*Id.* § 238 cmt. a, illus. 1 (emphasis supplied).

§ 238 illustrates the widely accepted legal axiom that a party's material breach of a contract precludes recovery by that party on its breach of contract claim against the other party to

---

[3] *See* V.I. CODE ANN tit. 1, § 4 ("The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary.").

the contract, and vice versa. *See Westinghouse Electric Corp. v. Garrett Corp.*, 601 F.2d 155, 158 (4th Cir. 1979) ("[U]nder both Maryland law and general contract law, courts have held that in some instances where both parties are at fault (or in default) neither may recover. . . . Whether this doctrine is described as failure of consideration, failure to satisfy a condition precedent, or mutual breach of contract, it is clear that in proper circumstances a court may refuse to allow recovery by either party to an agreement because of their mutual fault, which in contract terms might be more properly described as mutual default." (citations omitted)); *Automotive Devices Co. v. Automotive Devices Co.*, 292 F.2d 663, 665 (3d Cir. 1961) ("The rule in Pennsylvania and elsewhere is that when parties to a bilateral contract each commit a material breach thereof the law will give relief to neither party." (footnoted omitted)); *Vidal v. Transcontinental & Western Air, Inc.*, 120 F.2d 67, 68 (3d Cir. 1941) ("Payment and delivery are concurrent conditions since both parties are bound to render performance at the same time. In such a case, . . . neither party can maintain an action against the other without first making an offer of performance himself." (internal citations omitted)); *ATF Trucking, L.L.C. v. Quick Freight, Inc.*, No. 06-4627, 2008 U.S. Dist. LEXIS 57354, at *8-9 (E.D. Pa. July 29, 2008) ("Where both parties materially breach a contract, neither may recover for the other's breach. . . . Put

another way, when a party has not performed all of its obligations, it cannot recover." (footnote and citations omitted)); *Ocean Atl. Dev. Corp. v. Willow Tree Farm, L.L.C.*, No. 01-5014, 2004 U.S. Dist. LEXIS 4152, at *33 (N.D. Ill. Mar. 17, 2004) ("[T]his case boils down to the fact that both parties breached and, therefore, neither can recover against the other.").

    In light of the authority from the Restatement and the case law outlined above, the Court concluded that neither Addie nor Perez could maintain a breach of contract claim against the Sellers, and that the Sellers likewise could not do so against Addie and Perez. As a consequence, the verdict form submitted to the jury asked for a determination of damages on Taylor's breach of contract claim alone.[4] The jury awarded Taylor $1,546,000 on his breach of contract claim against the Sellers.

S\_____
    **CURTIS V. GÓMEZ**
       **Chief Judge**

---

    [4] The verdict form also contained interrogatories on both the Buyers' and the Sellers' respective fraud claims.